423 So.2d 621 (1982)
STATE of Florida, Appellant,
v.
Anthony MENDEZ, Appellee.
No. 81-2183.
District Court of Appeal of Florida, Fourth District.
December 22, 1982.
*622 Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellant.
Robert H. Trachman, Fort Lauderdale, for appellee.
WALDEN, Judge.
Mendez, appellee, was charged with armed robbery. His motion to suppress pre-trial and in-court identification was granted. The State appeals. The order being non-appealable as a matter of right, we elect to treat the State's appeal as a petition for writ of certiorari because the order in question violates the essential requirements of precedential law. State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977). We approve the order as to the pre-trial identification, quash the order as to the in-court identification, and remand with directions.
The victims were 10 and 13 year old boys. The 13 year old was robbed at gun point of his pellet gun and the 10 year old was a witness. Perpetrators were two males in a vehicle, one of whom was Mendez. There was some confusion on the part of the boys as to the person who pointed the gun, he being the passenger. The boys finally settled on Mendez after a photographic line-up. The trial court correctly found that the photographic array was impermissibly suggestive and correctly suppressed that identification. However, the Court went further and suppressed the upcoming effort at in-court identification.
When a line-up is shown to be improper, a presumption arises that the in-court identification is tainted. The presumption is rebutted upon a showing by clear and convincing evidence that the in-court identification is grounded upon an independent basis. Cribbs v. State, 297 So.2d 335, 336 (Fla. 2d DCA 1974), cert. denied, 303 So.2d 335 (Fla. 1974).
The in-court identification must be prohibited only if the pre-trial procedure "gives rise to a very substantial likelihood of irreparable mistaken identification." State v. Sepulvado, 362 So.2d 324, 327 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979). The totality of the circumstances must be viewed in determining whether the in-court identification was independent of the photographic identification. State v. Sepulvado, supra, at 327.
The facts of the case at bar clearly show that the boys got a good look at the passenger of the car who was only four or five feet away. The passenger was also viewed during daylight hours. From these facts it is likely or possible that the in-court identification could be based on events independent of the impermissibly suggestive photographic line-up.
We hold that the State should be allowed the opportunity to prove by clear and convincing evidence that the in-court identification was made independent of the improper photographic line-up. Cribbs v. State, supra. We express no opinion as to whether such effort will or will not be successful and leave such assessment totally in the hands of the trial court.
*623 Affirmed in part; quashed in part; and remanded for further proceedings consistent herewith.
HERSEY and HURLEY, JJ., concur.