PER CURIAM.
In the exercise of our discretionary certiorari right of review[1] we treat the State’s notice of appeal in this case as a petition for writ of certiorari.[2]
We find that the trial court departed from the essential requirements "of law when it excluded from evidence the identification testimony of the State’s only two eyewitnesses by ruling as a matter of law on the facts of this case that their testimony had been irretrievably tainted by unnecessarily suggestive out-of-court police identification procedures. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Grant v. State, 390 So.2d 341 (Fla.1980); State v. Mendez, 423 So.2d 621 (Fla. 4th DCA 1982); Lecoin v. State, 418 So.2d 336 (Fla. 3d DCA 1982); Baxter v. State, 355 So.2d 1234 (Fla. 2d DCA 1978), cert. denied, 365 So.2d 709 (Fla.1978); State v. Ciongoli, 313 So.2d 41 (Fla. 4th DCA 1975), cert. dismissed, 337 So.2d 780 (Fla.1976). The respondent may submit and argue to the jury the factual matters of which he complains for the jury to consider in weighing the identification testimony.
The order of the trial court suppressing the identification testimony of the witnesses Kerley and Allen is
QUASHED.
FRANK D. UPCHURCH, Jr., SHARP and COWART, JJ., concur.

. Combs v. State, 436 So.2d 93 (Fla.1983).

. Fla.R.App.P. 9.040(c).