DAUKSCH, Judge.
This is an appeal from a grand theft conviction. Appellant presents two points for review. One, that the pre-trial photographic lineup was unnecessarily preju-dicially suggestive and thus may have caused a misidentification of an innocent person. While we agree the photo lineup was suggestive and could have been better, the positive, forthright identification of the accused at. trial cured the problem. Three witnesses, who each spent around one-half hour each in appellant’s presence testified they recognized him from that viewing rather than solely from the lineup. This rendered the error harmless. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); State v. Mitchell, 445 So.2d 405 (Fla. 5th DCA 1984).
We agree with appellant also that the trial judge unnecessarily and thus improperly injected himself into the trial by asking a witness questions which were repetitious of those posed by the prosecutor and which could have given the jury the wrong impression. The questions and answers only bolstered the witness’s in-court identification and probably gave the jury the impression the judge preferred a guilty verdict. Although this procedure was error, it was harmless error because of the overwhelming evidence of guilt, so we affirm the conviction.
AFFIRMED.
SHARP, J., and BOARDMAN, E.F., Associate Judge, concur.