616 So.2d 595 (1993)
STATE of Florida, Appellant,
v.
Donald HOUSTON, Appellee.
No. 92-1612.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previous opinion and substitute the following. In light of this opinion, we deny the motion for rehearing.
The State has filed a notice of appeal from a decision to suppress identification *596 testimony. We treat the notice as a petition for certiorari. See State v. Keel, 557 So.2d 907 (Fla. 1st DCA 1990); State v. Mendez, 423 So.2d 621 (Fla. 4th DCA 1982).
After hearing testimony from the victim of a robbery and officers who investigated the incident, the trial court granted a defense motion to suppress the victim's testimony that defendant was the person who robbed him. The court found that the procedures used by the officers were impermissibly suggestive and that there was a substantial probability of misidentification. The state argues that the trial court erred.
A decision on a motion to suppress comes to us with a presumption of correctness, and we interpret the evidence and reasonable inferences in favor of the trial court's findings. McNamara v. State, 357 So.2d 410 (Fla. 1978). The trial judge's finding that the show-up in this case was unreasonably suggestive is a factual resolution within the presumption. The state's attack on it here is little more than a quarrel with his view of the evidence. Hence the state has failed to demonstrate error, let alone the kind of departure from the essential requirements of law necessary to certiorari review.
CERTIORARI DENIED.
STONE and FARMER, JJ., and WALDEN, JAMES H., Senior Judge, concur.