632 So.2d 1086 (1994)
STATE of Florida, Appellant,
v.
Frederick SMITH, Appellee.
No. 92-1097.
District Court of Appeal of Florida, Fifth District.
February 25, 1994.
*1087 Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellee.

ON MOTION FOR REHEARING EN BANC
GOSHORN, Judge.
We grant en banc review, withdraw our opinion filed September 17, 1993, and substitute the following in its stead.
The State of Florida appeals the order of the trial court granting appellee's motion to suppress. At issue is the correctness, vel non, of the trial court's determination that the search of appellee's wallet exceeded the scope of his consent to search. In Florida v. Jimeno, 500 U.S. 248, 249-50, 111 S.Ct. 1801, 1803-04, 114 L.Ed.2d 297 (1991), the Supreme Court, citing Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990), and Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), held:
The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness  what would the typical reasonable person have understood by the exchange between the officer and the suspect?
The Court explained that the scope of a search is generally defined by its expressed object. Jimeno, 500 U.S. at 251-52, 111 S.Ct. at 1804.
According to the uncontroverted testimony of the appellee, the officer's stated reason for requesting the consent to search was that one of the officers had seen the passenger move as if he were putting something under the seat of the car. The officers similarly testified at the suppression hearing that they were concerned the passenger had placed something under the seat. However, the wallet in question was not found under the car seat. The appellee testified that despite his consent to search the car and its contents, he did not consider that in agreeing to permit a search of the car and its contents he gave the officers permission to search his wallet because that was "his personal belongings." The trial judge, as the finder of fact, obviously found this testimony credible.
Utilizing the Jimeno "objective reasonableness" standard, the trial court held that the search of the contents of the appellee's wallet exceeded the scope of the appellee's consent. The trial judge's ruling comes to us clothed with the presumption of correctness. Smith v. State, 378 So.2d 281 (Fla. 1979); State v. Hardy, 610 So.2d 38 (Fla. 5th DCA 1992), review denied, 621 So.2d 433 *1088 (Fla. 1993). We should not reweigh the evidence and substitute our factual findings for that of the trial judge. We must affirm unless it can be concluded that the trial court's determination was clearly erroneous under the totality of the facts in this case. See Davis v. State, 594 So.2d 264 (Fla. 1992). The totality of the facts in this case do not support such a conclusion. The order of the trial court granting the appellee's motion to suppress is affirmed.
AFFIRMED.
DAUKSCH, PETERSON, DIAMANTIS and THOMPSON, JJ., concur.
GRIFFIN, J., concurs and concurs specially, with opinion in which DAUKSCH, J., concurs.
HARRIS, C.J., dissents, with opinion in which COBB and W. SHARP, JJ., concur.
GRIFFIN, Judge, concurring specially.
I concur in the opinion of Judge Goshorn but would make one further observation. Judge Harris reasons that when Mr. Smith signed a consent to search the "contents" of his car, the only relevant inquiry became whether the wallet was "contained" in the car. No matter what the circumstances surrounding the stop, no matter what the item, no matter what the signor believed or understood, no matter what statements or representations were made by the police to obtain consent, the text of the consent form controls absolutely. Judge Harris finds this to be consistent with Jimeno; in my view, it is contrary to Jimeno. The Jimeno test is what a typical, reasonable person would have understood by the exchange between the officer and the suspect. Jimeno, 500 U.S. at 249-50, 111 S.Ct. at 1803-04. I presume "exchange" means the series of communications by which the officer seeks consent and the citizen gives consent. As required by our supreme court in Davis v. State, 594 So.2d 264, 265 (Fla. 1992), the lower court made a determination about the scope of the consent given in this case by evaluating the totality of the circumstances. There is no basis to gainsay his judgment.
DAUKSCH, J., concurs.
HARRIS, Chief Judge, dissenting.
Frederick Smith was stopped because of a traffic infraction. Upon request, he consented (in writing) to a search in the following language:
I hereby consent to a search without warrant ... of all areas and contents of the below described ... vehicle ... [Emphasis added.]
Although Smith had exited the vehicle at the time of the search, he left his wallet lying on the seat. A small amount of cocaine was found in his wallet. The trial court found that the search of the wallet exceeded the scope of the above cited consent. I would reverse.
The trial court's reasons for suppressing the evidence were because "prior to the search of the wallet, the officers had no cause to believe that it contained contraband" and because the court was concerned about the scope of the defendant's consent:
Then we get to the issue that really concerns me the most and that's the scope of the consent. The language of the consent would seem to limit it to the interior of the car and I'm not comfortable that the interior of the car would apply to and expose to search his private property, namely, the wallet. Maybe other private property such as stems, pipes, cans, residue, I think maybe those things would not be protected because they're obvious in their nature, but a wallet in and of itself should not  should not normally indicate criminality.
Even though the court, as indicated in the quote above, clearly stated the basis for its ruling, the majority, with no record support, has attributed to the trial judge the finding that the search exceeded the scope of the consent because the officer searched on top of the seat instead of under the seat. The majority arrives at this conclusion because the officer's suspicion was aroused when he saw a "passenger move as if he were putting something under the seat."
The majority does not contend that even Smith testified that the officer asked to search only under the seat. The majority *1089 has totally misinterpreted Jimeno[1] by finding that the stated reason for wanting to search limits the scope of the consent actually given to search.
The "exchange between the officer and the suspect" as it relates to the scope of consent (as opposed to the reason the officer asked for consent to search) is set out in writing and is before this court. Unlike the majority, the trial court specifically found that the consent covered the "interior of the car" and not only that limited space beneath the seat.
Because I find it more appropriate to respond to the trial court's expressed reasons for its rulings (rather than those attributed to it by inference), I will address the trial court's analysis.
There are two problems with this analysis. First, it ignores the specific authority to search the contents of the vehicle. Second, since a paper sack (not unlike a wallet) "in and of itself" does not normally indicate criminality, it is apparent that the trial court's interpretation of even a general consent authority to search is in conflict with the United States Supreme Court's decision in Jimeno. Yet we are required by article I, section 12 of our state constitution to construe the law on search and seizure "in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." Art. I, § 12, Fla. Const. The case most applicable to the instant facts, although admittedly not directly on point, is the Jimeno decision.
In Jimeno, the Supreme Court upheld the search of a closed paper bag found in the passenger compartment of a vehicle based on the defendant's general consent to search his car. The court held:
The Fourth Amendment is satisfied when, under the circumstances, it is objectively reasonable for the officer to believe that the scope of the suspect's consent permitted him to open a particular container within the automobile.
Jimeno, 500 U.S. at 249, 111 S.Ct. at 1803.[2] In determining whether the officer's belief regarding the scope of the consent is "objectively reasonable," the Court stated that the scope of a search is generally defined by its expressed object. In Jimeno, the officer expressly informed the suspect he would be searching for drugs. The Court noted that a reasonable person would know that drugs would not be strewn across the trunk or floor of a vehicle (or limited to the space under the seat). Therefore, because the defendant knew the officer was looking for drugs but still did not place any restriction on the search, it was reasonable for the officer to believe that the scope of the suspect's general consent included a search of any containers in the car which could conceal drugs. The authority to search areas other than under the seat as well as containers found within the vehicle is even more apparent when the consent specifically authorizes the search of all areas and contents of the vehicle.
The Jimeno court held:
A suspect may of course delimit as he chooses the scope of the search to which he consents. But if his consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization.
500 U.S. at 252, 111 S.Ct. at 1804.
The consent actually signed by Smith[3] and before this court does not limit the officer's *1090 authority to search only the area under the seat nor does it prohibit the search of the contents of the vehicle. For this reason, and under the authority of Jimeno, I would reverse the suppression order and remand for further action.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).
[2] Notice that it is the officer's "objectively reasonable" understanding of the scope of the consent, not the suspect's, that is important.
[3] It is sufficient response to the criticism contained in the concurring opinion to merely state the obvious. The law to be applied in any particular cause depends on the facts and the issues of that case. If the stop had been illegal, then the consent would have been invalid. If the consent had been obtained by fraud or duress, it would have been unenforceable. If the consent had been ambiguous, it would have been construed in favor of Smith. But these are not the facts of this case. The trial court specifically found that the stop was legal and that the consent was voluntarily and knowingly given. The consent itself is a model of clarity. The issue considered by the trial court was whether the scope of this valid consent to search all areas and contents of the vehicle was exceeded when the officers searched the wallet (admittedly found on rather than under the seat) because (1) there was no probable cause to request the search and (2) the wallet, in and of itself, did not indicate criminality.

Smith did not state that he did not understand the language of the consent, but only that he signed the consent because he had no choice. The trial court disagreed:
The consent was at least tainted by threats against the defendant according to him that the car would be searched anyhow which is contradicted by the officer. But further than that, the consent was given and appears to be a valid consent. He gave it a lot of consideration. He talked to his buddy about it, his buddy who had better experience than him apparently and who advised him not to sign it. In the face of that kind of advice he decided he was going to sign it anyhow.
As I said, whether that's because he was threatened, we're going to do it anyhow, I have no way to know and I'm going to say I'm going to rule against that at this point. I'm going to believe the officers version that he did not threaten him with an illegal search.