644 So.2d 597 (1994)
John Charles THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1827.
District Court of Appeal of Florida, Fifth District.
November 4, 1994.
James B. Gibson, Public Defender and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
John Charles Thomas appeals from his judgment of conviction for unlawful possession of a controlled substance[1] and possession of drug paraphernalia.[2] Thomas entered pleas of nolo contendere, reserving his right to appeal the trial court's denial of his motion to suppress. We reverse.
Thomas was stopped for driving a vehicle with a cracked windshield, a non-criminal traffic infraction,[3] and was given a citation. Officer Jacques Alexander testified that he became suspicious during the traffic stop because Thomas was acting nervous and hesitant and was trying to keep a distance between himself and Officer Alexander. Thomas was also trying to keep his right side away from the officer. Officer Alexander asked Thomas why he was nervous and whether he had anything illegal on him. Thomas replied no, so the officer asked if he could search Thomas and his vehicle. When Thomas asked if the officer needed a warrant, the officer said that he did not need a warrant and he could search anyway because he had probable cause. The officer did not tell Thomas that he could refuse to consent and Thomas did not sign a consent to search form. Thomas put his hands on the top of the car and allowed the officer to pat him down.
While patting Thomas down, the officer felt something in Thomas' right front pants pocket. The officer knew it was not a weapon but his curiosity was aroused. The officer stated "I could feel something small, and basically to my training, education and experience it felt like to be [sic] a piece of co-caine." *598 He reached into Thomas' pocket and removed the substance. It tested positive for cocaine. Thomas was arrested. Shortly after his arrest, the officer determined that Thomas' driver's license had been suspended and he was also charged with driving with a suspended license, a traffic criminal misdemeanor.[4]
Thomas filed a motion to suppress. The court denied the motion and made specific findings. The court found that Thomas did not give a valid consent to the search, but also found that the initial stop was not pretextual. Given these findings, the trial judge ruled that the search could be sustained as lawful because it was incident to a traffic stop.
A ruling on a motion to suppress is presumptively correct, and a reviewing court should interpret the evidence and reasonable inferences and deductions drawn from the evidence in a manner most favorable to sustaining the trial court ruling. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Sommer v. State, 465 So.2d 1339 (Fla. 5th DCA 1985) (an appellate court should not overturn an order on a motion to suppress evidence if any legal basis to sustain the trial court exists) (citations omitted). However, in the case sub judice, the trial court must be reversed because there is no legal basis to sustain the court order denying Thomas' motion to dismiss.
The court ruled that the only basis for the search was that it was incident to a traffic stop. Viewing the evidence and all reasonable inferences and deductions in the manner most favorable to sustaining the trial court, we conclude that the court meant a Terry[5] pat-down search for weapons. See, e.g., State v. Brown, 616 So.2d 124 (Fla. 2d DCA 1993) (under the totality of the circumstances, the officer had a founded suspicion to conduct a stop under section 901.151 and ask the defendant to put his hands on the police car when it appeared to the officer that the defendant was acting "froggy" or nervous); see also § 901.151, Fla.Stat (1991).
However, even if we assume the officer had a reasonable suspicion to conduct a pat-down search of Thomas, no view of the evidence supports a finding that the officer had probable cause to reach into Thomas' pocket and seize the piece of crack cocaine. A Terry pat-down search of Thomas restricts the officer to exploring Thomas' outer clothing to determine if he is carrying a weapon or something that could be used as a weapon. The officer exceeded his authority by putting his hands into Thomas' pocket when he knew Thomas was not carrying a weapon. See, e.g., Warren v. State, 547 So.2d 324 (Fla. 5th DCA 1989) (held that, even assuming the officer had a reasonable suspicion to stop the defendant, that gave him only the right to conduct a limited weapons search, and he exceeded the permissible scope of the search when he seized two pieces of rock cocaine from the defendant's shirt pockets because he never asserted that he believed the defendant was carrying a weapon and it would have been unreasonable for him to believe that the small objects seized were weapons); see also E.H. v. State, 593 So.2d 243 (Fla. 5th DCA 1991) (when a defendant was stopped for a noncriminal traffic violation which justified only a temporary detention solely for the purpose of issuing a citation and, although the officer expressed concern that E.H. kept reaching into his pocket after he had been ordered to get out of the car, there was no testimony that the officer observed anything which caused him to believe a dangerous weapon might be present). The officer testified that the object in Thomas' pocket felt like cocaine; the officer knew it was not a weapon. Recently, the Supreme Court has refused to allow "plain feel" searches based upon an officer's testimony that an object felt like cocaine and not a weapon. Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
The state could have salvaged the search if there was testimony in the record that the officer had probable cause to believe the item was cocaine. However, the state did not offer sufficient proof to show that the *599 officer had probable cause to believe Thomas possessed illegal contraband. Doctor v. State, 596 So.2d 442 (Fla. 1992) (during a legitimate frisk for weapons under Terry, if the totality of the circumstances give the officer probable cause, not just reasonable suspicion, to believe that the defendant is carrying illegal contraband, the officer may seize the contraband, however, the state must present more than just a generalized statement or mere conclusion from the officer that he is an experienced officer, and, based on that experience, knew the item was contraband). Absent evidence establishing that the officer had probable cause to believe Thomas was carrying contraband, the search was invalid.[6]
Since there is no legal basis on which to sustain the trial court, we reverse. The motion to suppress should have been granted. Because we reverse, we need not address the trial court's sentencing of Thomas to five years of probation for the first degree misdemeanor of possession of drug paraphernalia.
REVERSED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1991).
[2] § 893.147, Fla. Stat. (1991).
[3] § 316.610, Fla. Stat. (1991).
[4] § 322.34, Fla. Stat. (1991).
[5] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[6] The state argues that Thomas' arrest for driving while his license was suspended would have allowed the inevitable discovery of the cocaine. Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), review denied, 626 So.2d 203 (Fla. 1993); State v. Walton, 565 So.2d 381 (Fla. 5th DCA 1990). This argument is not accurate since the officer did not discover Thomas' license had been suspended until after his arrest on the drug charges.