664 So.2d 272 (1995)
Michael A. JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-90.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
Rehearing Denied December 15, 1995.
James B. Gibson, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Michael A. Jordan appeals his judgment of conviction for possession of cocaine. In the court below, Jordan filed a motion to suppress the cocaine which was seized from his person by a police officer. The trial court, relying upon the "plain feel" doctrine, entered an order denying Jordan's motion to suppress. Jordan subsequently entered a *273 plea of nolo contendere, reserving his right to appeal the trial court's order.
We reverse because the trial court heard no testimony from the state to support its reliance upon the "plain feel" doctrine as announced by the United States Supreme Court in Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). This court previously has ruled in Thomas v. State, 644 So.2d 597, 598-99 (Fla. 5th DCA 1994), that, in order for the state to rely on the plain feel doctrine as the rationale for probable cause, the state's law enforcement officer must testify that he could identify cocaine by feel based upon his specific, personal experience as an officer. Based on the testimony presented in this case, we conclude that the trial court misapplied the law as stated in Dickerson.
At the suppression hearing, the police officer testified that he stopped Jordan because Jordan was operating a car with a broken taillight lens and a broken windshield. The officer also saw Jordan make a left turn without signaling. Upon stopping the car, the officer explained to Jordan the reasons for the stop. The officer recognized Jordan because they had played basketball together in the Police Athletic League. When the officer asked Jordan if he could pat him down for weapons, drugs, large amounts of money, or contraband, Jordan said "[g]o ahead." Jordan, who was out of the car, turned around and put his hands on the trunk of the car. The officer patted Jordan down and felt a "hard, rocky-like substance" inside Jordan's front, left pants pocket. The officer knew that the substance was not a weapon or money. The officer put his hand in Jordan's pocket and removed what appeared to be one piece of crack cocaine in a plastic baggie. The officer conducted a field test which was positive for cocaine. Jordan was then arrested for possession of cocaine.
After hearing the officer's testimony, the trial judge denied Jordan's motion to suppress. The trial court found that the officer had probable cause to put his hand inside Jordan's pocket based upon the plain feel doctrine. In its order, the trial court wrote:

Minnesota v. Dickerson, 508 U.S. ___, 124 L.Ed.2d 334, 113 S.Ct. [2130] (1993), ... establishes a "plain feel" or "plain touch doctrine" analogous to "plain view." As a result if an officer develops probable cause to believe that an item is contraband through his or her sense of touch, the officer may seize it without infringement on the defendant's Fourth Amendment rights. Here the officer had such probable cause. He felt the cocaine in [Jordan's] pocket.
On appeal, Jordan does not argue that the stop was pretextual or that the permission to search was obtained illegally. Jordan instead argues that the officer only had consent to do a pat-down search and that there was no consent or probable cause for the officer to put his hand in Jordan's pocket. See State v. Wells, 539 So.2d 464, 467 (Fla. 1989) ("When the police are relying upon consent to conduct a warrantless search, they have no more authority than that reasonably conferred by the terms of the consent."), aff'd, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990).
The request to pat down Jordan was not coercive, and Jordan's permission was freely and voluntarily given. The officer knew Jordan, and they were on friendly terms because of their involvement in police athletics. The officer could pat down Jordan for weapons, cash, drugs, and contraband because Jordan had given permission; however, the officer could not exceed the parameters of the pat-down search unless he felt a weapon or contraband. See Howard v. State, 645 So.2d 156 (Fla. 4th DCA 1994) (recognizing that detainee may give police consent to conduct pat-down search which is limited in scope to search for weapons); § 901.151, Fla. Stat. (1993). While conducting the search, the officer could seize contraband only if, based on the totality of the circumstances, the officer felt something that he immediately knew was contraband, such as cocaine. See Doctor v. State, 596 So.2d 442 (Fla. 1992) (holding that officer searching for weapons had probable cause to seize cocaine from detainee's person where officer testified to experience with unique texture of crack cocaine, type of concealment, and method of packaging); cf. Thomas, 644 So.2d at 597-99 *274 (holding that state's evidence failed to establish probable cause where officer merely made general statement that, based on his training, education, and experience, he believed small object to be piece of cocaine). In order to establish probable cause, the officer was required to articulate facts that were known prior to the seizure. Doctor, 596 So.2d at 445.
In this case, the officer did not offer testimony about his experience with crack cocaine. Although he had been a police officer for five years, the officer never testified that he had seen crack cocaine before he seized the piece from Jordan or, if he had, how many times. The officer never testified that he could detect cocaine based upon his tactile experience. In fact, the officer never testified about his training, personal experiences, or arrests involving crack cocaine. Unlike the deputy in Doctor who testified that, in addition to "250 arrests for possession of a controlled substance," the deputy had "been present during approximately 1000 arrests, and had seen or felt crack cocaine approximately 800 times," the officer in this case offered no predicate information to support his ability to detect crack cocaine by feel. Doctor, 596 So.2d at 445. Absent this information, no factual basis existed to approve the officer's seizure of the cocaine. Thomas, 644 So.2d at 598-99. Inasmuch as Dickerson holds that the officer's feel of an object must convey that the object is contraband, we conclude that, in denying Jordan's motion to suppress, the trial court misapplied the law.
The Supreme Court in Dickerson adopted the plain feel doctrine because it is similar to the plain view doctrine. If an officer is in a place where he has a right to be and he becomes aware of contraband through his sense of sight or touch, the officer may seize the contraband. The Court, however, recognized limitations to this doctrine:
If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.
... Regardless of whether the officer detects the contraband by sight or by touch, however, the Fourth Amendment's requirement that the officer have probable cause to believe that the item is contraband before seizing it ensures against excessively speculative seizures.
Dickerson, ___ U.S. at ___, 113 S.Ct. at 2137 (emphasis supplied) (footnote omitted).
Because there was no testimony in the record to support the officer's ability to identify the object before he removed it from Jordan's pants pocket, the motion to suppress should have been granted. Dickerson, ___ U.S. at ___, 113 S.Ct. at 2138-39; Thomas, 644 So.2d at 599. Accordingly, we reverse Jordan's judgment of conviction for possession of cocaine.
REVERSED and REMANDED with instructions to discharge the defendant.
GRIFFIN, J., concurs.
GOSHORN, J., dissents with opinion.
GOSHORN, Judge, dissenting.
I respectfully dissent. The trial judge found that the defendant's consent to the search of his person was freely and voluntarily given, and that the search was conducted within the scope of the consent given. The trial court's order denying the motion to suppress comes to us clothed with the presumption of correctness and may not be overturned unless it can be concluded that the trial court's determination was clearly erroneous under the totality of the facts in the case. State v. Smith, 632 So.2d 1086, 1087-88 (Fla. 5th DCA) (citations omitted), cert. denied, Florida v. Smith, ___ U.S. ___, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994). I would affirm.