W. SHARP, Judge,
concurring specially.
Judge Harris makes a good point that once the police officer, Kondrk, held the shotgun in his hands, he had “probable cause” to think it was an illegal weapon,- due to its appearance; however, there is another ground which is fact-determinative, which could justify the trial court’s ruling to suppress evidence of the weapon: How did Knodrk happen to obtain the shotgun in the first place? The evidence in this case was disputed. Kondrk testified that the defendant, Croker, reached up on a high cabinet, pulled it down, and gave it to the deputy to hold. The defendant testified that Kondrk saw a piece of the gun sticking out from the cabinet, asked him what it was, and without his permission or consent, pulled it down.
Other witnesses testified the shotgun had been concealed on top of the high kitchen counter, and that it was not visible. Clearly, without Croker’s permission or consent, Kondrk initially had no right pursuant to the Fourth Amendment, to search for and seize the shotgun.[1]
The trial judge made no fact determination concerning those issues, but he did grant the motion to suppress via written order, which expressly cites to Jones v. State, 648 So.2d 669 (Fla.1994), cert. denied, 515 U.S. 1147, 115 S.Ct. 2588, 132 L.Ed.2d 836 (1995). That case deals with the exact issues referenced above — whether clothing in a bag is in “plain view” — not the problem of knowing whether a shotgun in one’s hands is an illegal length. Thus, I think this panel should ignore the fact finding made by the trial judge, and affirm his ruling based on Jones; the case upon which the trial judge states he expressly relies. See Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Bowen v. State, 685 So.2d 942 (Fla. 5th DCA 1996); Thomas v. State, 644 So.2d 597 (Fla. 5th DCA 1994).

. Jones v. State, 648 So.2d 669 (Fla.1994), cert. denied, 515 U.S. 1147, 115 S.Ct. 2588, 132 L.Ed.2d 836 (1995).