723 So.2d 402 (1999)
STATE of Florida, Appellant,
v.
Joe Nathan BELLAMY, Appellee.
No. 98-1122.
District Court of Appeal of Florida, Fifth District.
January 15, 1999.
*403 Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
The state appeals the granting of appellee's motion to suppress. We reverse.
Orange County Deputy Hopkins, through a pager number received from an anonymous source, set up a drug buy from an individual known as "Ike." Shortly after the last phone call, a vehicle matching the description of the vehicle given to the deputy arrived at the pre-arranged location. Hopkins and his back-up officer, Deputy Park, pulled the car over and while Hopkins spoke with "Ike," the driver, Park spoke with defendant Bellamy, the passenger, asking him to exit the vehicle.
Park testified that as they spoke, appellee appeared extremely nervous and made several furtive movements towards his crotch area. These movements troubled Park because he had witnessed weapons found in that area on other occasions, so for his safety and that of his partner, he conducted a patdown search. In Bellamy's rear pants pocket Park felt what he described as the slick texture of a baggy. Near Bellamy's front waist, Park said he felt a hard knot-type texture, like a twisted knot on a baggy, as well as several small square-edged items inside the baggy.
Park testified that he immediately recognized these items as contraband. He had been a deputy sheriff for six years, had been trained in drug schools and drug identification, had made between 200 and 300 drug arrests, had seen cocaine at least 400 times and felt crack cocaine 200 to 300 times, and he immediately recognized that the feel of the objects inside the baggies was consistent with crack cocaine. He removed the baggies, the contents of which later tested positive for crack cocaine.
Park did testify, however, that during the search he never felt anything which he believed to be a weapon. It was on this basis that the trial court suppressed the evidence, finding that"... any law enforcement officer who has probable cause to believe that a suspect is armed with a dangerous weapon may search the person only to the extent necessary to disclose the presence of the weapon. Courts held [sic] that where, as here, the officer knows that a suspicious bulge in a defendant's pocket is not a weapon, there is no further right to continue the search. Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980)."
In Dunn, the officer who conducted the pat-down search had only a suspicion that the object he discovered during the search was contraband, and the court held that under that circumstance, once he was satisfied that the defendant had no weapon, the search had to be stopped.[1] In Doctor v. State, 596 So.2d 442 (Fla.1992), the supreme court, while approving the general principle of law in Dunn, held that during a legitimate search for weapons, an object not thought to be a weapon may be seized if the officer has probable cause to believe that the object is contraband.
Whether a police officer has sufficient probable cause to believe that a suspect is carrying illegal contraband will depend on the totality of the circumstances existing at *404 the time. P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985). Relevant to this inquiry is the officer's specific experience with respect to the particular narcotic in question. See Cross v. State, 560 So.2d 228 (Fla.1990).
* * *
Thus, an officer's experience and training are relevant to the extent that they provide specific facts from which the officer could reasonably conclude that a crime was being committed during the situation in question. The State must present more than the naked subjective statement of a police officer who has a "feeling" based on "experience" that the accosted citizen is committing a crime in order to provide the court with facts upon which a determination of probable cause can reasonably be made.
596 So.2d at 445.
Here, as in Doctor, Deputy Park testified not only to his generalized experience and training in drug enforcement, but he also specific statistics evidencing his significant experience with this particular aspect of drug trafficking. He clearly had probable cause, not merely suspicion, that the objects he felt were contraband. As this court explained in State v. Hunter, 615 So.2d 727 (Fla. 5th DCA), rev. denied, 626 So.2d 205 (Fla.1993):

Doctor [v. State] stands for the proposition that, absent a reasonable suspicion that the object is a weapon, the object may not be seized. If, on the other hand, circumstances give rise to probable cause to believe the object is contraband, it may be seized notwithstanding the absence of a reasonable suspicion that the object is a weapon.
615 So.2d at 733.
The order suppressing the evidence is reversed and the cause remanded for further proceedings consistent herewith.
COBB and HARRIS, JJ., concur.
NOTES
[1] The court did note that if probable cause existed to believe the defendant carried contraband, there could be a lawful seizure. Dunn, at 728.