796 So.2d 1217 (2001)
STATE of Florida, Appellant,
v.
J.D., a child, Appellee.
No. 4D01-316.
District Court of Appeal of Florida, Fourth District.
October 10, 2001.
*1218 Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
TAYLOR, J.
Appellee, J.D., was charged by petition with possession of marijuana. The trial court granted appellee's motion to suppress the marijuana, which was seized following a pat-down of appellee during a bicycle stop. The state appeals the suppression order. We affirm.
At the hearing on appellee's motion to suppress, Officer Soberon testified that he was patrolling on Sample Road in Coral Springs around 10:30 p.m. when he observed appellee riding a bicycle without lights. The officer stopped appellee for this traffic violation. When appellee dismounted his bicycle, Officer Soberon noticed a bulge in appellee's pocket. Fearing that it might be a weapon, the officer conducted a pat-down search. As he patted appellee down for weapons, he felt a "plastic-type" bag with a substance inside it. The officer testified that the soft substance was not a weapon, but based on his knowledge and experience, he believed that the substance was "possible suspect cannabis." The officer's six years of experience included training in drug identification, undercover survival, and surveillance techniques. While assigned to a Tactical and Gang Unit, he investigated street crimes and frequently encountered drug violations involving marijuana. He testified that he would "run into it almost once a week just on patrol, maybe people smoking it or people possessing it," and that he had made about a hundred marijuana arrests over the years.
Officer Soberon retrieved the baggie and field-tested the substance. It tested positive for cannabis. The officer placed appellee under arrest and, during a search incident to the arrest, found a plastic baggie in appellee's right sock containing more cannabis. The officer acknowledged that at the time of the stop, appellee did not make any furtive movements or try to run away from him. The trial court granted the motion to suppress, citing State v. Bellamy, 723 So.2d 402 (Fla. 5th DCA 1999).
A ruling on a motion to suppress is presumptively correct, and a reviewing court should interpret the evidence and reasonable inferences and deductions drawn from the evidence in a manner most favorable to sustaining the trial court ruling. Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000)(citing McNamara v. State, 357 So.2d 410, 412 (Fla.1978), Glover v. State, 677 So.2d 374, 376 (Fla. 4th DCA 1996), and State v. Houston, 616 So.2d 595, 596 (Fla. *1219 4th DCA 1993)). While an appellate court is required to accept the trial court's determination of the historical facts leading to the search, review of the application of the law to those facts requires a de novo standard of review. Porter, 765 So.2d at 77 (citing Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).
Neither side questions the propriety of the stop and pat-down of appellee. Rather, the issue in this case is whether the seizure of the item in appellee's pocket following the pat-down was lawful. The state cites Campuzano v. State, 771 So.2d 1238, 1244 (Fla. 4th DCA 2000), in arguing that the seizure was proper based on the plain feel doctrine established in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). In Dickerson, the Supreme Court "held that, if a police officer feels something during a pat-down that is immediately identifiable as contraband, there is no additional invasion of privacy, and the retrieval of the item is proper, so long as the initial pat-down was justified by a search for weapons." Campuzano, 771 So.2d at 1244. As we explained in Campuzano, police officers must have probable cause to believe that an item felt during a pat-down is contraband before retrieval is permissible. Id.
If, during a lawful pat-down, the totality of the circumstances gives the officer probable cause to believe that the defendant is carrying contraband, the officer may seize the contraband. Doctor v. State, 596 So.2d 442, 445 (Fla.1992). The burden is on the state to prove that the officer had probable cause to seize items felt during a frisk for weapons. Id. While an officer's experience and training are relevant to this determination, the state must present more than the "naked subjective statement of a police officer who has a `feeling' based on `experience'" that the item was contraband. Id. Probable cause does not arise anytime an officer feels an object that the officer reasonably suspects to be contraband. See Harris v. State, 790 So.2d 1246, 1249 (Fla. 5th DCA 2001)(seizure of film canister containing cocaine from defendant's front pocket not justified by plain feel doctrine where officer had nothing but mere suspicion that object he felt was contraband); Cole v. State, 727 So.2d 280 (Fla. 2d DCA 1999)(seizure of crack pipe from defendant's pants during pat-down search exceeded scope of weapons pat-down where officer never testified that it was immediately apparent to him upon feeling pipe that it was contraband); Howard v. State, 645 So.2d 156 (Fla. 4th DCA 1994)(the sound of pebbles shaking around in a film cannister supplied reasonable suspicion, but not probable cause, to believe that object was contraband for officers who lacked level of experience to say there was high probability that canister contained contraband).
Appellee argues that the evidence presented by the state at the suppression hearing was insufficient to support a finding that Officer Soberon had probable cause to believe that the object he felt during the pat-down was marijuana. Appellee contends that the officer, when asked about his experience and training, testified about only "generalized experience as a police officer." We disagree. Here, as in Doctor, the officer testified not only about his general experience and training in drug identification, but also about his drug enforcement experience with this particular drug, marijuana. However, unlike the deputies in Doctor and Bellamy, the officer in this case did not provide sufficient information to support his "plain feel" identification of the narcotic in question or state that he possessed more than a suspicion that the substance *1220 was contraband. See Doctor, 596 So.2d at 442(deputy testified he believed the object he felt was crack cocaine because of the texture of the "little rock formations" which have a "peanut brittle type feeling"); Bellamy, 723 So.2d 402 (officer explained that he had felt rock cocaine in similar instances between 200 and 300 times and was certain that the substance in the suspect's pocket was rock cocaine before seizing it); see also Jordan v. State, 664 So.2d 272 (Fla. 5th DCA 1995)(the "plain feel" doctrine requires specific expert testimony as to arresting officer's tactile experience with particular contraband in question).
In this case, the officer did not testify about his experience in identifying marijuana by its feel or state that there was anything unique or distinctive about the seized item's texture, size, shape, or method of packaging that made the illicit nature of the item immediately apparent to him. He merely described the item he felt as a "plastic-type bag" with "some substance inside of it" that could possibly be marijuana. At most, the state established the officer's reasonable suspicion that appellee possessed contraband.
Moreover, the officer did not testify about any additional circumstances, such as furtive movements or concealment of the item in an unusual area, that gave rise to probable cause. See Doctor, 596 So.2d at 445 (fact that defendant exited vehicle in suspicious manner and was carrying cocaine in his groin area added to totality of the circumstances giving rise to probable cause). To the contrary, the officer testified that appellee did not make any furtive or evasive movements during their encounter.
On this record, we cannot conclude that the trial court erred in determining that the state failed to meet its burden of proving probable cause. Accordingly, we affirm the order suppressing physical evidence.
AFFIRMED.
POLEN, C.J., and STEVENSON, J., concur.