549 So.2d 789 (1989)
Anthony Julius RICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1683.
District Court of Appeal of Florida, Fifth District.
October 5, 1989.
*790 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Two uniformed police officers visited a hotel reputed for illegal drug activity. While walking down a hallway, the officers observed the defendant walking toward them. The defendant, upon seeing the officers, placed his hand in a cupping manner to his mouth, turned and proceeded quickly away from the officers. The officers did not see what, if anything, had been in the defendant's hand. One of the officers testified that in his experience, it is common practice for an individual under such circumstances to conceal drugs in his or her mouth. The officers gave chase and grabbed the defendant. One officer held the defendant's arms while the other applied pressure to the defendant's throat, forcing the defendant's mouth open. The defendant spat out a small plastic baggie containing cocaine.
The defendant unsuccessfully moved to suppress, with the trial court ruling that the officers had a reasonable suspicion to believe the defendant was engaged in criminal activity.
The officers had a founded or reasonable suspicion to stop the defendant based on the circumstances presented. The question is whether the officers were authorized under stop and frisk law to search the defendant by forcing open his mouth. They were not.
Upon effecting a valid stop, the officers could have frisked the defendant if they had probable cause to believe he was armed with a dangerous weapon. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). However, they were not automatically authorized to search the defendant. Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988). This case is analogous to those invalidating a seizure where the officer upon stopping the defendant reached inside the defendant's pocket to seize an item which the officer did not believe was a weapon. See, e.g., Warren v. State, 547 So.2d 324 (Fla. 5th DCA 1989); Johnson v. State, 547 So.2d 699 (Fla. 1st DCA 1989); Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989). The State's reliance on Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988) is unavailing because there the officer had seen, among other items, a cocaine smoking pipe and had probable cause to believe a crime was being committed.
The defendant's conviction for possession of cocaine is
REVERSED.
DAUKSCH and COBB, JJ., concur.