581 So.2d 967 (1991)
Christopher CUMMO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02872.
District Court of Appeal of Florida, Second District.
June 19, 1991.
Joseph Torres, Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant challenges the denial of his motion to suppress crack cocaine found in his possession, contending the police lacked probable cause to search him for drugs. We agree and reverse.
The appellant, Christopher Cummo, was stopped by Officer Mohaupt of the Punta Gorda Police Department for operating his pickup truck with only one headlight. Since the stop occurred in a high crime area, backup officers were called to the scene as a matter of routine. Detective Wright was one of the backup officers dispatched. Upon his arrival at the scene, Detective Wright was informed by Officer Mohaupt that he, Mohaupt, had stopped Cummo in the same area approximately one month earlier. At that time, Cummo *968 had admitted to Officer Mohaupt that he was in the area to buy cocaine.
Detective Wright approached the vehicle and began talking with Cummo. He observed Cummo had something in his mouth which he appeared to be trying to hide. When Detective Wright asked him a question, Cummo manipulated the object by moving it with his tongue from one cheek to the other and making "a swallowing motion." Suspecting Cummo was attempting to conceal rock cocaine and was thus trying to swallow it, Detective Wright grabbed Cummo "around the throat, bottom of the jaw, trying to lock his jaw so he couldn't swallow." As a result, Cummo "spit out a small amount of crushed crack cocaine on the hood of his vehicle." A field test indicated the substance was, indeed, crack cocaine. Thereafter, Cummo was arrested, Mirandized, and charged with possession. Upon the denial of his motion to suppress, Cummo pled no contest to the charge and was sentenced to five years' probation.
In its order denying Cummo's motion to suppress, the trial court found that pursuant to a proper traffic stop "the further conduct of the officer in stopping the defendant from swallowing that which was in his mouth fell well within the range of knowledge and experience of the officer in handling such matters."
The right to search an individual pursuant to a valid detention is not automatic. Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988). A police officer may conduct a search incident to a valid stop only if he has probable cause to believe the person detained is armed with a dangerous weapon. See Michigan v. State, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); § 901.151(5), Fla. Stat.; and Thomas v. State. See also Lemon v. State, 580 So.2d 292 (Fla. 2d DCA 1991).
Cummo does not dispute the validity of his detention; however, he was stopped only for a traffic violation. Though Detective Wright was knowledgeable and possessed considerable experience in handling narcotics investigations, the record is silent as to any circumstances which would give rise to probable cause to search Cummo. There is no testimony in the record indicating Detective Wright believed Cummo was armed with a dangerous weapon. He testified only that he knew Cummo had something in his mouth and based on his experience, he suspected it might be cocaine. He further testified that the object in Cummo's mouth could have been a lifesaver or a mint.
We find as the Fifth District did in Ricks v. State, 549 So.2d 789 (Fla. 5th DCA 1989), that "[t]his case is analogous to those invalidating a seizure where the officer upon stopping the defendant reached inside the defendant's pocket to seize an item which the officer did not believe was a weapon." (Citations omitted.) Id. at 790.
Since there was no evidence other than the detective's bare suspicion that the object in Cummo's mouth was rock cocaine, and the detective did not believe reasonably or otherwise that Cummo was armed with a dangerous weapon, the search in this instance was not based on probable cause and was therefore invalid.
Accordingly, we set aside the trial court's order denying Cummo's motion to suppress and remand the cause with directions to grant said motion.
THREADGILL and ALTENBERND, JJ., concur.