601 So.2d 1248 (1992)
Janice Erma DRAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02222.
District Court of Appeal of Florida, Second District.
June 24, 1992.
*1249 James Marion Moorman, Public Defender, and David A. Snyder, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Assistant Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant, who pled nolo contendere to possession of cocaine, a violation of section 893.13, Florida Statutes (Supp. 1990), argues that the trial court erred in denying defendant's motion to suppress cocaine which the arresting officer forced her to spit out of her mouth. We affirm.
Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991), upon which defendant relies, is distinguishable. In Cummo, the officer merely suspected that the defendant was attempting to hide rock cocaine in his mouth before the officer forced him to spit it out. Id. at 968. The officer admitted that the object also could have been a lifesaver or a mint. Id. In the instant case, however, the officer had already seen what the officer identified as cocaine in defendant's mouth before the officer forced her to spit it out. The officer testified that defendant had voluntarily consented to opening her mouth at his request, at which point he saw the cocaine. Contrary to defendant's position, the trial court was entitled to believe the officer's testimony. Thus, it cannot be said that the officer in this case had a mere bare suspicion. He had probable cause as an eyewitness to prima facie evidence of the crime  possession of cocaine.
The officer's action regarding the cocaine can be further justified as a search incident to a lawful arrest, State v. Williams, 516 So.2d 1081, 1083 (Fla. 2d DCA 1987), or as an attempt to prevent the obstruction or destruction of evidence under exigent circumstances. See and compare State v. Bamber, 592 So.2d 1129, 1131 (Fla. 2d DCA 1991).
Finally, we do not agree that the arrest in this case stemmed from an illegal stop. On the contrary, there was sufficient evidence that the arrest arose from a voluntary encounter.
Affirmed.
RYDER, A.C.J., and BLUE, J., concur.