CAMPBELL, Judge.
Appellant argues, and we agree, that the court should have granted his motion to suppress.
Officers McWade and Bevan were separately patrolling a high drug area when they encountered appellant. Appellant was talking to McWade when Bevan made eye contact with him. Appellant then quickly turned his back, crouched down and put something in his mouth. Based on this behavior, McWade and Bevan followed appellant, calling out to him to stop. When appellant ignored their requests, they ran around to block his path, and told him not to swallow what he had in his mouth because if it was cocaine, he could die. Appellant then told them that if he spit it out, he would go to jail. When he did then spit it out, as Bevan and McWade had suspected, it was determined to be cocaine.
As this court has held in Williams v. State, 564 So.2d 593 (Fla. 2d DCA 1990) and M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993), the act of putting something in one’s mouth does not provide a well-founded suspicion for a detention.. Bevan s belief that appellant had cocaine in his mouth was not sufficient; it amounted to a mere hunch. These facts are similar to those in M.J.S. where the officer, after having observed the defendant furtively put something in his mouth, placed his hand on the defendant’s shoulder to tell him that if he had just put drugs in his mouth he needed to spit them out because they would make him ill. We held there that once the officer put his hand on the defendant’s shoulder, the encounter was transformed into a seizure. The encounter here was similarly transformed into a seizure when the officers ran in front of appellant and blocked his path while telling him that he should spit out whatever was in his mouth.
We reverse the denial of appellant’s motion to suppress and remand for further proceedings.
RYDER, A.C.J., and DANAHY, J., concur.