648 So.2d 799 (1994)
Garry DONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3606.
District Court of Appeal of Florida, Fourth District.
December 28, 1994.
*800 Richard L. Jorandby, Public Defender, Cherry Grant and Frantz K. Vital, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William A. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
We deny the Motion for Rehearing and for Rehearing En Banc, but substitute the following revised opinion which changes certain language in the first full paragraph of page five of the original opinion:
Gary Doney appeals from a final judgment convicting him of possession of cocaine, entered pursuant to a plea of nolo contendere, specifically reserving the right to appeal the denial of his motion to suppress. We reverse.
At 1:18 a.m. on September 4, 1993, while on routine patrol, in his uniform and driving a marked vehicle, Officer Mendelsberg witnessed a black male give something small to Doney with his thumb and forefinger, and Doney hand the black male paper currency. The officer claimed that this transaction consisted of behavior which he would interpret as a drug transaction. After witnessing this exchange and failing in his attempt to make contact with the black male, the officer pulled his car up behind Doney and got out. Doney stopped and said, "I knew I shouldn't have been messing with that black guy." The officer claimed that this statement reinforced his belief that a drug transaction had taken place, so he stepped closer and asked Doney his name. When Doney responded, the officer observed what he believed to be cocaine rocks in Doney's mouth. From his responses at the hearing on the motion to suppress, it appears that the officer observed something in Doney's mouth when Doney made his initial statement, but he was unsure what it was until he asked Doney his name, and Doney responded. The officer asked Doney to spit the objects out, which he did. The objects field tested positive for cocaine.
At the hearing on the motion to suppress, the officer also testified that he had been involved in over one thousand (1000) drug arrests and observed hand to hand drug exchanges at least one thousand (1000) times. The officer further testified that he never put his blue lights on, he did not use any hand gestures or any other methods to get Doney to stop, Doney stopped on his own, and he never told Doney that he was under arrest.
We find that based upon the above recounted facts, the trial court should have granted Doney's motion to suppress, as the stop of Doney was nonconsensual. In addition, there was no founded suspicion or probable cause to justify the stop.
The supreme court's holding in Popple v. State, 626 So.2d 185 (Fla. 1993), supports the conclusion that the detention of *801 Doney was nonconsensual. In Popple, the court stated:
This court has consistently held that a person is seized, if under the circumstances, a reasonable person would conclude that he or she is not free to end the encounter or depart. Whether characterized as a request or order, we conclude that Deputy Wilmoth's direction for Popple to exit his vehicle constituted a show of authority which restrained Popple's freedom of movement because a reasonable person under the circumstances would believe that he should comply.
Similarly, whether the request by officer Mendelsberg for Doney to spit out what was in his mouth is characterized as a request or order, it constituted a show of authority indicating that Doney was not free to end the encounter. A reasonable person approached by an officer in uniform, who was asked their name and was told to spit out what was in their mouth, would believe that they were not at liberty to end the encounter and should comply. See also Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989) (reasonable person would not have been free to disobey officer who asked defendant to take his hand out of his pocket, when officer approached the person without reasonable suspicion or probable cause). Further, it appears that Doney's compliance with Officer Mendelsberg's request to spit out what was in his mouth was no more than mere acquiescence to authority, rather than consent. See Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987) (when consent is relied on as justification for a search, state must prove that such consent was voluntary and not mere acquiescence to police authority).
Various cases with similar factual scenarios also support the conclusion that Officer Mendelsberg did not have a founded suspicion to justify a temporary detention of Doney. See Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992), rev. denied, 623 So.2d 495 (Fla. 1993) (when officer saw a defendant in a high crime area with money in his hand and sticking a small round object in his pocket, it was legally insufficient for the officer to order him to remove his hands from his pockets); Williams v. State, 564 So.2d 593 (Fla. 2d DCA 1990) (officers did not have a well founded suspicion to justify an investigatory stop when in the early afternoon the officers observed the defendant and another man at the foot of some stairs near an intersection, the defendant made eye contact with one of the officers and then turned his back simultaneously putting something in his mouth); M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993) (officer did not have reasonable suspicion or probable cause to believe the defendant was involved in criminal activity, where officer approached the defendant who was standing on the porch of a house under surveillance for drug activity, when the defendant, startled by the officer's appearance attempted to conceal something in his mouth); A.C. v. State, 630 So.2d 1219 (Fla. 2d DCA 1994) (police officers' belief that they had seen a juvenile put something in his mouth was not sufficient to justify a detention). Further, even if the officer had founded suspicion to detain Doney, the search would have exceeded the scope of what is allowed during an investigatory stop. See Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991) (since there was no evidence other than detective's bare suspicion that the object in Cummo's mouth was rock cocaine, and the detective did not reasonably believe that Cummo was armed with a dangerous weapon, the search was invalid).
Finally, the facts at bar do not support a finding that Officer Mendelsberg had probable cause to arrest Doney, or that the search was lawful as incident to arrest. See Cummo, 581 So.2d at 967 (police officer did not have probable cause to search defendant's mouth for the presence of cocaine when the officer testified that he knew that Cummo had something in his mouth which he suspected might be cocaine); Winters v. State, 578 So.2d 5 (Fla. 2d DCA), rev. denied, 589 So.2d 292 (Fla. 1991) (facts insufficient to establish probable cause where the officer witnessed a hand to hand exchange of money between the defendant who was leaning into a station wagon stopped in the middle of an unpaved alley in an area known for drug activity, and the officers as they approached saw the defendant put his hand in his pocket). Similarly, the fact that Officer Mendelsberg *802 witnessed a hand to hand transaction between Doney and the black male, along with his suspicion that Doney was hiding cocaine rocks in his mouth, are insufficient to support a finding of probable cause. Doney could have had any of a number of things in his mouth, and the exchange of money in the street does not necessarily evidence an illegal purchase. Probable cause to arrest and search only exists when the totality of the circumstances more likely than not points to the commission of a crime. Elliott v. State, 597 So.2d 916 (Fla. 4th DCA 1992). Thus, as the encounter between Doney and Officer Mendelsberg was not consensual, and because there was no founded suspicion or probable cause to justify a stop or an arrest, we find that it was error to deny Doney's motion to suppress, and reverse on this basis.
WARNER, POLEN and FARMER, JJ., concur.