693 So.2d 1086 (1997)
STATE of Florida, Appellant,
v.
William N. JAMES, Appellee.
No. 96-03240.
District Court of Appeal of Florida, Second District.
May 16, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon Johnson, Assistant Attorney General, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
FULMER, Judge.
The state appeals an order granting William James's motion to suppress the cocaine which he put into his mouth during a police encounter. We reverse.
At the hearing on the motion, Officer Giddens testified that he was on patrol with two other officers in an unmarked police car. The officers wore black fatigue shirts with shoulder patches and cloth silver badges that clearly identified them as police officers. As their vehicle was traveling down the street, Officer Giddens observed James walking on the sidewalk. James had just departed from Abacus Liquors, a store where a high volume of drug activity had occurred in the past. Officer Giddens testified that, when the unmarked police car drove past James and turned into a driveway, James looked into the vehicle and appeared to recognize that the occupants were police officers. He stopped suddenly as if he was scared and surprised. His mouth opened and his eyes *1087 got wide. Officer Giddens observed James immediately place a small plastic bag into his mouth as he began to walk away from the vehicle. Officer Giddens got out of the vehicle and called out to James, "Hey, could you come here?"
Officer Giddens asked James if he would mind if a warrants check was run on him. He responded, "No." Officer Giddens also asked James if he had anything in his mouth. James answered, "No," and voluntarily opened his mouth. Officer Giddens shined his flashlight into James's mouth and saw a plastic bag filled with a white powdery substance concealed up near the back of James's mouth. Officer Giddens testified that, based on his experience in the street crimes unit, he believed the bag contained cocaine. "Because of my experience and stuff, it's very common for them to attempt to hide objects underneath their tongues. They'll try to push it up in the roofs of their mouths, so I looked very carefully. When he gave me that opportunity, I took full advantage of it."
After observing what he believed to be cocaine, Officer Giddens decided to detain James. However, he first returned to the vehicle to tell the other officers that James had a bag of cocaine in his mouth and to ask them to assist him in retrieving the cocaine. Officer Garcia took hold of James's right arm and asked him what was in his mouth. James answered, "Nothing," and again opened his mouth. Officer Giddens testified that the bag was "right on his tongue as if he was about to swallow it." Officer Giddens told James to spit out the bag of cocaine or he would be sprayed with pepper gas. James turned away and tried to swallow the bag. Officer Giddens sprayed him twice and James spit the bag onto the ground. He was then placed under arrest.
The trial court concluded that decisions of this court required that the motion to suppress be granted:
The issue is whether the first officer had probable cause to make an arrest when he saw the object in James' mouth. The case law dictates that this court answer that question in the negative. Under similar facts the appellate court has determined that the officer's belief that the object was contraband is a "mere hunch", A.C. v. State, 630 So.2d 1219 (Fla. 2d DCA 1994), and does "not give the police officer a reasonable suspicion or probable cause to believe that the appellant was involved in criminal activity", M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993). I do not believe these decisions comport with the harsh reality of street level drug use and drug enforcement, but that is beside the point.
We do not agree. Both A.C. v. State, 630 So.2d 1219 (Fla. 2d DCA 1994), and M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993), are distinguishable. In each of these cases, juveniles were observed putting "something" into their mouth. The officers' belief that the "something" was cocaine was based only on a mere hunch. This court ruled that the act of putting "something" in one's mouth does not provide a well-founded suspicion for a detention.
In this case, Officer Giddens shined a flashlight into James's mouth and clearly observed a white powdery substance in a plastic bag which, based on his experience in the street crimes unit, he believed to be cocaine. These facts are more akin to those we reviewed in Drayton v. State, 601 So.2d 1248, 1249 (Fla. 2d DCA 1992). In that case, Judge Lehan wrote:
[Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991)], upon which the defendant relies, is distinguishable. In Cummo, the officer merely suspected that the defendant was attempting to hide rock cocaine in his mouth before the officer forced him to spit it out. Id. at 968. The officer admitted that the object also could have been a lifesaver or a mint. Id. In the instant case, however, the officer had already seen what the officer identified as cocaine in the defendant's mouth before the officer forced her to spit it out. The officer testified that the defendant had voluntarily consented to opening her mouth at his request, at which point he saw the cocaine.
Id. Likewise, in this case, the officer actually saw a bag of cocaine when James voluntarily opened his mouth. On these facts, we conclude that the officer had not just a founded *1088 suspicion of criminal activity but also probable cause to arrest James for possession of cocaine.
Accordingly, we reverse the order and remand for further proceedings.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.