PATTERSON, Judge.
D.A.H. appeals from his adjudication and commitment for possession of cannabis with intent to sell and obstructing an officer without violence. He contends that the trial court erred in denying his motion to suppress. We affirm the trial court’s denial of the suppression because the police had probable cause.
Officer Elias Vazquez of the Tampa Police Department testified at the suppression hearing as to his training'and experience in detecting narcotics and estimated that he had made 300 narcotics arrests. While on patrol, Vazquez had observed, from about thirty feet away, D.A.H. make several hand-to-hand transactions with people in vehicles. He saw an exchange of money for small packages. His training, experience, and knowledge of the area told him he was watching drug transactions in process. When D.A.H. saw Vazquez, D.A.H. fled and the officer did not pursue. About twenty minutes later, at a nearby intersection, he observed D.A.H. walking. Vazquez stopped D.A.H., patted him down, found a plastic bag of marijuana, and arrested him.
The sole question here ■ is whether Vazquez’s earlier observations gave rise to probable cause for the stop and search of D.A.H. Cases from this court with similar facts have resulted in different conclusions. In Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994), we determined that the officer lacked probable cause. In Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995), we held that probable cause existed. Relying on this court’s more recent pronouncement in Revels,
Affirmed.
THREADGILL, A.C.J., concurs.
CASANUEVA, J., dissents with opinion.