731 So.2d 800 (1999)
STATE of Florida, Appellant,
v.
Angelo TERRELL, Appellee.
No. 98-1907.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, J.
This is an appeal from an order granting a motion to suppress cocaine. Because the officer had probable cause to believe that *801 what he saw in the appellee's mouth was cocaine, we reverse the order of the trial court.
The facts on which the trial court relied are simple. In granting the motion, the trial court assumed, without deciding, that all of the facts testified to by the officer were true. While in his patrol vehicle, the officer approached the defendant who was on foot and engaged him in a conversation. Eventually, the officer exited his vehicle and continued the conversation. After exiting his car, he noticed a small white square object, which he immediately identified as cocaine, in defendant's mouth. At trial, the prosecutor asked the officer if there was any doubt in his mind that it might have been a mint or gum or something like that. The officer responded that sometimes he waits and continues talking to a suspect for the purpose of confirming that the substance is or is not gum, but that in this case further inquiry was unnecessary since he determined immediately that the object was cocaine. Thereafter, the officer grabbed the defendant and ordered him to spit out the object, which tested positive for cocaine.
The trial court granted the motion to suppress cocaine on the authority of Doney v. State, 648 So.2d 799, 801-02 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 272 (Fla.1995), finding that case indistinguishable from the instant one. In Doney, while on street patrol, the officer saw two individuals exchange a small object, and based upon his experience, he believed that he had just witnessed a drug transaction. The officer stopped Doney, the recipient of the object, who made a statement which increased the officer's suspicions. While talking with Doney, the officer observed something in Doney's mouth which he believed to be cocaine, but was unsure until he asked Doney his name and he responded. The officer then asked Doney to spit out the object which proved to be cocaine.
We held that the officer did not have probable cause to arrest Doney or to search him incident to an arrest. We said:
[s]imilarly, the fact that Officer Mendelsberg witnessed a hand to hand transaction between Doney and the black male, along with his suspicion that Doney was hiding cocaine rocks in his mouth, are insufficient to support a finding of probable cause. Doney could have had any of a number of things in his mouth, and the exchange of money in the street does not necessarily evidence an illegal purchase.
Id. at 801. (emphasis supplied). In holding that the officer did not have probable cause to arrest Doney, we relied on Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991). In that case, the officer observed that Cummo had something in his mouth that he was trying to hide, although the facts do not reveal whether the officer actually saw the object. Instead, he observed Cummo manipulating something with his tongue. Suspecting that it might be cocaine, the officer seized Cummo and forced him to spit the object out. The district court reversed the denial of the motion to suppress, holding that the officer's suspicions did not give him probable cause to seize and search Cummo. Cummo is distinguishable from Doney because the officer in Cummo apparently never actually saw the object in Cummo's mouth, but merely surmised that Cummo was trying to hide something which the officer suspected might be cocaine.
Later, the second district distinguished Cummo in Drayton v. State, 601 So.2d 1248, 1249 (Fla. 2d DCA 1992). In Drayton, the court said:

Cummo v. State, 581 So.2d 967 (Fla. 2d DCA 1991), upon which defendant relies, is distinguishable. In Cummo, the officer merely suspected that the defendant was attempting to hide rock cocaine in his mouth before the officer forced him to spit it out. Id. at 968. The officer admitted that the object also could have been a lifesaver or a mint. *802 Id. In the instant case, however, the officer had already seen what the officer identified as cocaine in defendant's mouth before the officer forced her to spit it out. The officer testified that defendant had voluntarily consented to opening her mouth at his request, at which point he saw the cocaine. Contrary to defendant's position, the trial court was entitled to believe the officer's testimony. Thus, it cannot be said that the officer in this case had a mere bare suspicion. He had probable cause as an eyewitness to prima facie evidence of the crimepossession of cocaine.
The facts in Drayton are indistinguishable from the instant case with respect to the identification of the substance in the defendant's mouth. The officer observed the object and positively identified it as cocaine, rather than a mint or lifesaver or such. Thus, it was not merely a reasonable suspicion that the object might be cocaine but an absolute conviction that what he saw was cocaine and nothing else. See also State v. James, 693 So.2d 1086, 1087-88 (Fla. 2d DCA 1997).
In Doney, the officer was unsure and only suspected that the object was cocaine. In Drayton, as here, the officer saw the object and was positive that it was cocaine. Thus, Doney is distinguishable from the instant case. As the trial court assumed the truth of the officer's testimony, we too must base our decision on the ground of a positive identification of cocaine in the defendant's mouth. If the positive identification of contraband in a defendant's possession is not probable cause for arrest, we don't know what is.
There is some discomfort in deciding cases on a "hairsplitting" distinction between the officer's statement in Doney, and the officer's statement in the instant case, that he immediately recognized the object to be cocaine. We might suspect that the officers in the two cases thought similarly. Nevertheless, the law continues to attribute different legal consequences to the use of different words in testimony, a point that undoubtedly is not lost on the participants in the system. We also note that the defendant testified to a markedly contrary version of facts than that of the officer. As we noted above, the court made no determinations of credibility in its ruling.
Therefore, we reverse and remand to the trial court for further proceedings, including further proceedings on the remaining issues on the motion to suppress.
SHAHOOD and HAZOURI, JJ., concur.