GROSS, J.
The state appeals an order granting the motion of appellee, Randall Lafond, to suppress cocaine seized by the police and any statements made by Lafond in connection with the offense charged. We reverse, based on a case decided after the suppression hearing.
Deputy Sheriff David Bures was the only witness at the suppression hearing. He testified that he was on road patrol on November 14, 1998 at about 5:40 p.m. when, he observed a white van parked in the rear of a Sherwin Williams paint store. The store was closed. Bures pulled his cruiser in behind the van. Lafond emerged from the passenger side of the van and approached Bures. He knew the deputy from prior contacts.
Lafond told the deputy that the driver of the van was in possession of cocaine. Bures got the impression that Lafond was trying to divert Bures’s attention away from himself and to get Bures to approach the driver of the van. Because of that belief, Bures stayed with Lafond.
Bures stood within an arm’s length of Lafond. It was still light out. As. he “visually searched]” Lafond, he noticed a small, square, white object in Lafond’s mouth, which Bures was “reasonably sure” was crack cocaine. Bures was familiar with crack cocaine, as he had been a road patrol officer for several years, was permanently assigned to a very high drug area, and had worked in that assignment for three to four years. Through his work, Bures had handled or seen cocaine rocks in excess of a hundred times. Bures testified that it was very common for a suspect to place cocaine in his or her mouth in an attempt to conceal it from the police.
Bures testified that after seeing the object in Lafond’s mouth, he handcuffed him. He told Lafond to spit out the rock. La-fond became very nervous and at first refused. He later spit out the rock, which field-tested positive as cocaine.
*1235 On cross-examination, Bures was asked, “Could the crack cocaine have been something else in his mouth ... ?” Bures replied, “I suppose it could have been. But I was reasonably sure it was crack cocaine, based on my experience.”
The trial judge suppressed the cocaine and any statements made by Lafond during the encounter, based on Doney v. State, 648 So.2d 799 (Fla. 4th DCA 1994), receded from by Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000). The trial court noted the conflict between Florida District Courts of Appeal regarding the level of certainty a police officer must have in order to have probable cause to believe that a suspect possesses crack cocaine.
In reviewing the ruling on the motion to suppress, we must determine whether the facts relied upon by the trial court support its legal conclusions. See State v. Wikso, 738 So.2d 390, 391 (Fla. 4th DCA 1999). The court’s ruling predated our en banc decision in Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000). In Curtis, this court receded from Doney to the extent that it suggested that a police officer must be positive that a suspect has crack cocaine in his mouth in order to have probable cause to arrest and search the suspect. Curtis, 748 So.2d at 374-75.
In Doney, the arresting officer testified that he observed Doney hand a black male some paper currency in exchange for a small object, which Doney held between his thumb and forefinger. When the officer approached, Doney said, “I knew I shouldn’t have been messing with that black guy.” 648 So.2d at 800. The officer believed that a drug transaction had taken place and asked Doney his name. When Doney responded, the officer observed what he believed to be cocaine rocks in Doney’s mouth. The officer ordered Do-ney to spit out the objects, which field tested positive as cocaine. See id. This court reversed Doney’s conviction for possession of cocaine on the ground that the officer lacked probable cause, since “Do-ney could have had any of a number of things in his mouth, and the exchange of money in the street does not necessarily evidence an illegal purchase.” Id. at 802.
Subsequently, in State v. Terrell, 731 So.2d 800 (Fla. 4th DCA 1999), we reversed an order granting a motion to suppress and distinguished Doney on the ground that the officer in that case, unlike the one in Doney, had actually observed a small, white, square object in the defendant’s mouth, which the officer immediately identified as cocaine. There was no doubt in the officer’s mind that the object was crack cocaine. See id. at 801-02. Distinguishing Doney, we held that the officer in Terrell had more than just a reasonable suspicion of criminal activity; we concluded that “[i]f the positive identification of contraband in a defendant’s possession is not probable cause for arrest, we don’t know what is.” Id. at 802.
Recently, in Curtis this court again considered whether a police officer had probable cause when he believed that a suspect had a rock of cocaine in his mouth. In Curtis, Officer Winfrey, standing within two feet of Curtis, identified a rock of crack cocaine in Curtis’s mouth, partially concealed by his upper lip. See 748 So.2d at 371. Based on his extensive experience with crack cocaine arrests, he believed the object was crack cocaine but conceded in cross-examination that it “could have been” something else. He said it was possible, but “highly unlikely,” that it was anything other than crack cocaine. Id.
On appeal of his conviction, after denial of a motion to suppress, Curtis argued that Doney compelled suppression of the crack cocaine that Curtis was ordered to spit out of his mouth. We rejected that argument:
Curtis argues when Doney and Terrell are read together the conclusion that must be drawn is that when a police officer expresses his identification of cocaine as a belief, as opposed to absolute conviction, and acknowledges that the object could possibly have been something other than crack cocaine, the co *1236 caine must be suppressed. We conclude, however, that Curtis reads more into Ten-ell than was intended. Ten-ell was not intended to raise probable cause to the level of an absolute certainty. The reference to positive identification and absolute conviction were used merely to distinguish Terrell from Doney.
Id. at 374. The court further observed:
A finding of probable cause does not require absolute certitude. The test for probable cause is whether the facts and circumstances within an officer’s knowledge are sufficient to warrant a person of reasonable caution to believe that an offense has been committed. Curtis contends that the facts in his case are nearly identical to Doney and require that the crack cocaine be suppressed. We disagree. Officer Winfrey’s belief that what he visualized was crack cocaine is sufficient for probable cause even though he concedes that the substance could have been something else. Winfrey’s acknowledgment that the substance could be something other than crack cocaine does not necessarily convert his belief to bare suspicion. To the extent that our opinion conflicts with Doney, we hereby recede from Doney.
Id. at 374-75 (internal citations omitted). We held that there was probable cause to search and seize Curtis and that the lower court properly denied the motion to suppress, albeit for reasons other than those articulated by the lower court. See id. at 375.
In light of Curtis, we reverse the order in this case. The trial court did not find that the witness lacked credibility, but that Doney compelled the result. Here, Deputy Bures not only suspected that the object was crack cocaine; he was “reasonably sure” that is what it was. Moreover, he did not simply notice something in La-fond’s mouth. He actually observed a white, square object which, based on his law enforcement experience, he recognized as crack cocaine. His candid testimony that the object could have been something other than crack cocaine did not “convert his belief to bare suspicion.” Curtis, 748 So.2d at 374.
REVERSED AND REMANDED.
KLEIN and HAZOURI, JJ., concur.