POLEN, J.
The state appeals the trial court’s order granting appellee’s motion to suppress. The charges and appellee’s motion arose from a drug transaction where Evans was allegedly observed by a nearby surveillance officer buying two cocaine rocks for twenty dollars. A second officer stopped Evans shortly thereafter, and the cocaine rocks were found as a result of that officer searching him. The trial court, relying in part on our decision in Doney v. State, 648 So.2d 799 (Fla. 4th DCA 1994), granted the motion to suppress. We reverse.
Even if Doney would support the trial court’s granting the motion to suppress— an issue we do not need to reach — the trial court did not have the benefit of our decision in Curtis v. State, 748 So.2d 370 (Fla. 4th DCA 2000), which was issued after the trial court’s ruling below, and which recedes in part from Doney. Based on Curtis, as well as Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995), we hold there was probable cause to stop and search Evans, even without the formal announcement that he was under arrest prior to the search. Thus, we reverse the granting of the suppression motion and remand for further proceedings.
WARNER, C.J., and TAYLOR, J., concur.