TAYLOR, J.,
dissenting.
I respectfully dissent. I would affirm the trial court’s order denying the motion to suppress because the state’s evidence adequately supported a finding that the deputy had probable cause for seizing the package of marijuana after the pat-down.
Here, as in Doctor, the officer testified about his extensive training and experience with the particular drug in question. He testified that during his fourteen-year career in law enforcement, he had been trained..in narcotics identification and investigation; made hundreds of narcotics arrests; taught classes on narcotics identification; been assigned to narcotics task forces; helped execute hundreds of search warrants; taught officers how to perform protective pat-downs; learned to distinguish the feel of a plastic bag commonly used for contraband from that of a pouch or case used for tobacco products, and felt thousands of nickel bags of marijuana. The officer described his tactile experience with marijuana and explained how this experience helped him identify the substance in appellant’s pocket as marijuana. See Jordan v. State, 664 So.2d 272 (Fla. 5th DCA 1995)(discussing that the “plain feel” doctrine requires specific expert testimony as to arresting officer’s tactile experience with particular contraband in question).
Moreover, the officer testified that he knew that appellant was carrying marijuana as soon as he felt the package through appellant’s clothing. This testimony met the ■ “immediately apparent” standard enunciated in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). There, the Supreme Court held that if a police officer lawfully pats down a suspect’s outer clothing and feels an object whose contour or mass makes its identity as contraband immediately apparent, a warrantless seizure of the object is justified.
Another factor supporting the trial court’s probable cause finding is the officer’s testimony that he knew, rather than just suspected, that the substance was contraband. See State v. Bellamy, 723 So.2d 402 (Fla. 5th DCA 1999)(reversing suppression of evidence where officer testified that he was certain that the substance in the suspect’s pocket was rock cocaine because he had felt rock cocaine in similar instances between 200 and 300 times); Harris v. State, 790 So.2d 1246, 1249 (Fla. 5th DCA 2001)(concluding that police officer lacked probable cause to seize film canister under plain feel doctrine where officer testified that he was unsure whether film cannister contained cocaine; the officer must be reasonably certain object is contraband). 0
In reversing the denial of the motion to suppress, the majority stresses the absence of any suspicious circumstances surrounding the stop, as were present in Doctor. While it is true that the “totality of circumstances” in Doctor included the defendant’s suspicious manner in exiting his car and concealing the contraband, every case need not contain these factors so long as the specific, facts found by the trial court amount to probable cause.
In our recent opinion in State v. J.D., 796 So.2d 1217 (Fla. 4th DCA 2001), we *807 affirmed the trial court’s order granting a motion to suppress marijuana seized during a pat-down. In so ruling, we observed that there were no circumstances in that case, such as furtive movements or unusual concealment, as were present in Doctor. However, our ruling was primarily based on other deficiencies in the state’s case. We held that the state failed to establish probable cause for the seizure because the state presented no testimony about the officer’s expertise in identifying marijuana by its feel nor any testimony from the officer that there was anything unique or distinctive about the seized item that made its illicit nature immediately apparent to him. In addition, the officer in J.D. stated only that he suspected that the substance was “possibly” marijuana. We noted that such testimony, at most, established reasonable suspicion — not probable cause for a search.
In contrast, this case has ample support for a probable cause finding. The court made certain factual determinations regarding the officer’s training, experience, and ability to immediately identify the seized object as contraband. These factual determinations are supported by competent substantial evidence. Under Ornelas[2] we “review findings of historical facts only for clear error and give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.” We review application of the law to the trial court’s factual determination under a de novo standard of review. See Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000)(citing Ornelas and commenting that review of the application of the law to the trial court’s factual determination requires a de novo standard of review); State v. Lafond, 757 So.2d 1234 (Fla. 4th DCA 2000)(in reviewing a ruling on a motion to suppress, the appellate court must determine whether the facts relied upon by the trial court support its legal conclusions). In this case, the trial court applied the correct rule of law in finding that the facts furnished the requisite probable cause for seizure of the marijuana.
Unless we, as a reviewing court, are inclined to rule that, as a matter of law, a law enforcement officer cannot form probable cause to believe that a substance he feels inside someone’s pocket is marijuana, regardless of his training and experience and testimony concerning the “immediately apparent” nature of the substance, we should defer to the trial court’s factual determinations in this case and affirm its denial of the motion to suppress.

. Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).