820 So.2d 1012 (2002)
Maurice CONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2099.
District Court of Appeal of Florida, Second District.
June 28, 2002.
*1013 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Danilo Curz-Carino, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
In trial court case number 99-18564, Maurice Coney appeals the denial of his motion to suppress and argues that the evidence used against him was obtained as a result of an illegal, warrantless search. In trial court case number 98 14718, Coney appeals the order revoking his probation and argues that the order did not comply with the trial court's oral pronouncement. We agree as to both points.

Case Number 99-18564
The following evidence was presented at a hearing on Coney's motion to suppress. In October 1999, two Tampa police officers were conducting surveillance in an area where many drug arrests had previously been made. The officers observed Coney approach on a bicycle and put his closed hand into a car. The officers could not see what was in Coney's hand, but as the car left they saw that Coney held money. Based on the circumstances and their training and experience, the officers believed they had observed a drug transaction.
The officers were unable to stop the car. They lost sight of Coney for a few seconds but stopped him about a block away from where he had encountered the car. As one of the officers approached, he noticed that Coney had an object in his mouth. The officer directed Coney to spit it out. Coney complied and expectorated a "nickel size" bag of marijuana. At the hearing, the officer testified that before Coney spit out the bag, he did not know what was in Coney's mouth. He acknowledged that the object could "absolutely" have been candy or a mint. However, he stated that the mouth is a good place to hide drugs.
Coney was arrested and charged with possession of cannabis with the intent to sell or deliver. He filed a motion to suppress and asserted that his search and seizure were illegal. After hearing the officers' testimony, the trial court denied the motion. Coney entered a no contest plea, reserving the right to appeal the denial of his motion to suppress. We reverse.
There are three levels of policecitizen encounters: the first is a consensual encounter during which the citizen is *1014 free to leave and there is minimal police contact; the second is an investigative stop during which a police officer may temporarily detain a person if the officer has a reasonable suspicion that the person has committed, is committing, or is about to commit a crime; the third is an arrest and must be supported by probable cause that a crime has been or is being committed. Popple v. State, 626 So.2d 185, 186 (Fla. 1993).
Based on all of the circumstances and the observations made by the police officers, they had a legitimate basis to conduct an investigatory stop of Coney. See Grant v. State, 718 So.2d 238, 239 (Fla. 2d DCA 1998); Burnette v. State, 658 So.2d 1170, 1171 (Fla. 2d DCA 1995). However, the officers did not have probable cause to search Coney's mouth.
Generally, in order for an officer to direct a person to spit out the contents of his or her mouth, the officer must have probable cause to arrest the person and to conduct a lawful search incident to that arrest. See Curtis v. State, 748 So.2d 370, 372 (Fla. 4th DCA 2000). The State has the burden to prove that the officer had probable cause, and the proof must be more than the "naked subjective statement of a police officer who has a `feeling' based on `experience' that the accosted citizen is committing a crime." Doctor v. State, 596 So.2d 442, 445 (Fla.1992). An officer's suspicion that a person is carrying illegal drugs in his mouth is not a sufficient basis to order the person to spit out the contents of his mouth. Cummo v. State, 581 So.2d 967, 968 (Fla. 2d DCA 1991). In Cummo, as here, the officer suspected that the individual had drugs in his mouth, but the officer acknowledged that the object could also have been a lifesaver or a mint. Id. See also A.C. v. State, 630 So.2d 1219, 1220 (Fla. 2d DCA 1994).
Had the officers observed marijuana in Coney's mouth, they would have had probable cause to arrest him and to conduct a search, including of his mouth, incident to the arrest. See Drayton v. State, 601 So.2d 1248, 1249 (Fla. 2d DCA 1992); Curtis, 748 So.2d at 374; State v. Terrell, 731 So.2d 800, 801 (Fla. 4th DCA 1999). But the fact that Coney had an unknown object in his mouth was not a sufficient basis to conduct a search. See Cummo, 581 So.2d at 968.
The State suggests that D.A.H. v. State, 718 So.2d 195 (Fla. 2d DCA 1998), and Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995), support the trial court's denial of the motion to suppress. In D.A.H., the officer observed D.A.H. exchange small packages for money in several hand-to-hand transactions with persons in vehicles. D.A.H., 718 So.2d at 195. Additionally, D.A.H. fled when he saw the officer. Id. In Revels, the officers were assigned to observe a house where the police had made numerous narcotics arrests. Revels, 666 So.2d at 214. The officers observed two separate hand-to-hand transactions in which a person sitting outside the house approached cars that pulled up to the curb. The officers saw money being exchanged for unidentified objects. Revels then approached the house on foot with money in his hand. He gave the money to the person and received an unidentified small object in exchange for the money. Id.
While we recognize that cases of this nature are often close, several factors are significant to our decision that the police officers did not have probable cause to search Coney: they did not see what was in Coney's hand when he reached into the car; they did not see what was in Coney's mouth before he spit out the object at the command of one of the officers; and they did not see Coney involved in more than one transaction.
Unlike the situations in D.A.H. and Revels, the officers here observed a single *1015 suspicious event. They did not see Coney pass drugs or other contraband to the person in the car. See Burnette, 658 So.2d at 1171; Messer v. State, 609 So.2d 164, 165 (Fla. 2d DCA 1992). Both officers admitted that before Coney spit out the marijuana, they did not have probable cause to arrest him. One officer felt that he had a basis to search Coney. The second officer stated that he had reasonable suspicion to stop and investigate Coney but not probable cause to search him. He suspected that Coney might be carrying a weapon because he thought Coney was selling drugs in an area where the police frequently "get" guns. However, the officer acknowledged that Coney did not do anything to make him believe Coney might be armed, and he did not do a pat-down until after Coney spit out the marijuana. While the officers saw money in Coney's hand after the transaction, and while they had a suspicion that a crime might have occurred, they did not have probable cause to effect Coney's arrest before Coney was ordered to empty his mouth. Cf. Curtis, 748 So.2d at 372; Cummo, 581 So.2d at 968.
Appellate review of a trial court's ruling on a motion to suppress involves mixed questions of law and fact. Our review of the application of the law to the facts is de novo. Connor v. State, 803 So.2d 598, 608 (Fla.2001); Rosenquist v. State, 769 So.2d 1051, 1052 (Fla. 2d DCA 2000). Based on the evidence that was presented at the suppression hearing, we conclude that the police officers did not have probable cause to arrest Coney based on their observations of his transaction with the occupant of the car or the fact that Coney had an object in his mouth. While they had a legal basis to detain Coney, they did not have a legal basis to order him to spit out the contents of his mouth. Therefore, Coney's motion to suppress should have been granted.

Case number 98-14718
In 1998, Coney was charged with aggravated battery on a pregnant woman. Pursuant to a plea agreement, he pleaded guilty and was placed on probation for thirty-six months. In 1999, it was alleged that Coney violated several conditions of his probation.
Following an evidentiary hearing, the trial court announced its findings that Coney had violated conditions one, eight, and nine of his probation. The written order of revocation stated that Coney had violated conditions five, eight, and nine. Coney argues that the written order of revocation must conform to the oral pronouncement, and the State correctly concedes this point. See Bealts v. State, 735 So.2d 578 (Fla. 2d DCA 1999). We agree that the order of revocation of probation must be corrected.

Disposition
Trial court case number 99-18564 is reversed and remanded with directions to discharge Coney, and trial court case number 98-14718 is remanded for entry of a corrected order of revocation of probation.
WHATLEY and NORTHCUTT, JJ., Concur.