959 So.2d 828 (2007)
STATE of Florida, Appellant,
v.
David Rosendo CASTRO-MEDINA, Appellee.
No. 2D06-1986.
District Court of Appeal of Florida, Second District.
July 6, 2007.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State of Florida appeals an order granting David Rosendo Castro-Medina's motion to suppress.[1] Castro-Medina was charged with possession of cocaine and sale of cocaine. The trial court suppressed cocaine found on Castro-Medina's person after finding that Castro-Medina's consent to search was not voluntary because he did not understand English. We conclude that police had probable cause to arrest Castro-Medina, and therefore, his consent to search was not required.
At the hearing on the motion to suppress, Sergeant William Rowe testified that he had seven years of experience in *829 his position with the Dade City Police Department. He had received training in narcotics and he was in charge of the department's street narcotics apprehension program. On the night of the arrest, he observed Castro-Medina talking with another man in front of a dance club. Sergeant Rowe observed the man give Castro-Medina money and thereafter Castro-Medina gave the man a plastic baggy containing a white substance. This second man was later identified as Adrian Aboytes. When Aboytes walked away, police stopped him and found cocaine in his possession. Sergeant Rowe testified that the area where Castro-Medina was standing was very well-lighted and the white substance in the baggie appeared to be cocaine. In Sergeant Rowe's opinion, Castro-Medina appeared to be selling the narcotics.
Thereafter, Officer Justin Frum approached Castro-Medina and asked him what was going on, and Castro-Medina explained that he was just hanging out in his vehicle. After a brief conversation, Officer Frum told Castro-Medina why he was making contact. According to Officer Frum, Castro-Medina denied selling cocaine, got out of his vehicle, and told the officer he could search the vehicle. Officer Frum also testified that Castro-Medina gave him permission to search his person.
However, Castro-Medina's girlfriend testified at the suppression hearing that Castro-Medina did not speak English. The trial court found her to be credible and consequently found that Castro-Medina's acquiescence to be searched was not voluntary because he did not understand English.[2]
We conclude that the officers had probable cause to arrest Castro-Medina after observing his hand-to-hand transaction with Aboytes. "Probable cause to arrest exists when the totality of the facts and circumstances within the officer's knowledge would cause a reasonable person to believe that an offense has been committed and that the defendant is the one who committed it." Revels v. State, 666 So.2d 213, 215 (Fla. 2d DCA 1995). In Revels, this court found that there was probable cause to arrest the appellant when he was in an area where cocaine was known to have been sold, two experienced narcotics officers observed two hand-to-hand transactions in which money was exchanged for an unidentified object at that location, and within ten minutes of these events the appellant gave money to the man who had conducted the previous two transactions in exchange for a small object. Id. Officers could not identify the small object exchanged in the transaction. Id.
In Revels, this court held that the totality of the facts and circumstances would cause a reasonable person to believe that a drug offense had been committed and that the appellant was the one who committed the offense. Id. This court noted that the officers' observation of the exchange of money was critical because in such circumstances an exchange of money is unlikely to be an exchange for a small object other than crack cocaine. Id.
In the present case, unlike Revels, there was no testimony regarding the history of the location or recent events at that location. However, the lack of these two factors is not fatal where Sergeant Rowe observed Aboytes give Castro-Medina money in exchange for a plastic baggy containing a white substance, which Sergeant *830 Rowe testified appeared to be cocaine. This court has held that police have probable cause to arrest a suspect when they observe a bag containing what appears to be cocaine on their person. State v. James, 693 So.2d 1086, 1087-88 (Fla. 2d DCA 1997) (holding that police had probable cause to arrest appellee after they saw a plastic bag with a white powdery substance in his mouth); Houston v. State, 925 So.2d 404, 408 (Fla. 5th DCA 2006) (determining that there was probable cause to arrest appellant after observing white powder in a folded ten-dollar bill in one hand and a plastic baggie in the other hand); Curtis v. State, 748 So.2d 370, 372 (Fla. 4th DCA 2000) (concluding that police had probable cause to arrest appellant after observing a crack cocaine rock inside his mouth, even though officer testified that object could have been something else but such was "highly unlikely"). Therefore, the police had probable cause to arrest Castro-Medina after observing the hand-to-hand exchange of money and cocaine.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CASANUEVA, J., Concurs. FULMER, J., Concurs in result only.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).
[2] Both Sergeant Rowe and Officer Frum testified that Castro-Medina spoke to them in English.