564 So.2d 593 (1990)
Anthanase WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-02968.
District Court of Appeal of Florida, Second District.
July 27, 1990.
James Marion Moorman, Public Defender and Phil Patterson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Anthanase Williams challenges the trial court's order denying his motion to suppress contraband found on his person. The police officers did not have a well-founded suspicion to detain and search Williams; therefore, we reverse.
Williams was charged with possession of cocaine. He moved to suppress the cocaine, alleging that it was illegally seized. The motion was denied. Williams then entered a no contest plea, specifically reserving his right to appeal the denial of his motion to suppress. The trial court adjudicated him guilty and placed him on probation.
Punta Gorda Police Officers John Merrill and Wesley Swafford testified that as they were driving in their unmarked automobile, they observed Williams and another man at the foot of some steps near the intersection of Cochran and Fitzhugh Streets. It was early afternoon at the time.
Merrill testified that he saw Williams make eye contact with him. Williams then turned his back toward the officers and simultaneously put his hands to his mouth. Neither officer could tell whether Williams was taking something out of his mouth or possibly putting something in it. No money or drugs or other objects were exchanged. The officers testified that it was not unusual for people to stand in that area and talk. No criminal behavior was observed.
Still in their vehicle, the officers circled the block and then drove up behind Williams and the other man. Merrill detained the other man, who had begun walking away before the officers returned. Officer Swafford detained Williams. The record reflects the men were not free to leave from that point on. Upon Swafford's request, Merrill joined Swafford to assist him with Williams. Williams was mumbling *594 answers to Swafford's questions and appeared to have something in his mouth. Swafford testified that he knew Williams did not have a weapon in his mouth. Swafford, however, wanted to see what was in his mouth and ordered Williams to "spit it out." Williams complied with Swafford's command and spat out several pieces of cocaine.
A police officer must have a founded suspicion of criminal activity in order to lawfully detain a person. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The factors to be considered in determining whether illegal activity supported a "well-founded" suspicion are time, location, physical appearance, behavior and anything unusual in the situation. Bartlett v. State, 508 So.2d 567 (Fla. 2d DCA 1987). Here, it was the middle of the day, in a place common for people to stand and talk. Given that the movement of Williams' hands to his mouth could have been for many legal reasons, the officers did not have a well-founded suspicion to detain Williams. A bare suspicion or a mere hunch of illegal activity cannot support a stop. See Bartlett; Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983). Both officers, in this case, indicated that they were curious about Williams' activity and decided to "see what was going on." Although we have here candid and diligent policemen, the facts presented to us on appeal lead to but one conclusion and that is the detention of Williams was illegal.
Williams did not give consent for a search of his person. Despite the state's ingenious argument that Swafford's order to "spit it out" only was to encourage Williams to stop mumbling and speak more plainly, we view Swafford's entreaty otherwise. Officer Swafford's order that he "spit it out" constituted an illegal search. See Blair v. State, 563 So.2d 824 (Fla. 2d DCA 1990); Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989). Accordingly, the judgment and sentence is reversed and set aside and the case is remanded for entry of an order granting the motion to suppress and for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY and FRANK, JJ., concur.