PATTERSON, Judge.
The appellant challenges the trial court’s denial of his motion to suppress. He argues that the evidence was obtained during an illegal search and seizure. We agree and reverse.
The testimony at the suppression hearing reveals that Officer Michael Samms of the Lakeland Police Department approached *1081 the appellant, who was standing on the porch of a house under surveillance for drug activity. The appellant was startled by the officer’s appearance and attempted to conceal something in his mouth. The officer put his hand on the appellant’s shoulder and told the appellant that if he had just put drugs in his mouth he needed to “spit it out” because they would make him “real ill.” The appellant spit out several pieces of rock cocaine and Officer Samms placed him under arrest.
The appellant’s movements did not give the police officer a reasonable suspicion or probable cause to believe that the appellant was involved in criminal activity. See Williams v. State, 564 So.2d 593 (Fla. 2d DCA 1990). Although the officer’s actions started out as a permissible police/citizen encounter, once the officer put his hand on the appellant’s shoulder, the appellant was seized within the meaning of the fourth amendment. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Thereafter, the officer’s order to “spit it out” constituted an illegal search. Williams, 564 So.2d at 594.
Accordingly, we reverse and remand to the trial court for the suppression of the evidence.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.