689 So.2d 1240 (1997)
Reginald WELCH, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03302.
District Court of Appeal of Florida, Second District.
March 14, 1997.
James Marion Moorman, Public Defender, Bartow, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Chief Judge.
The appellant, Reginald Welch, challenges the denial of his motion to suppress evidence of cocaine found in his possession. *1241 He contends the cocaine was obtained as a result of an illegal seizure. We agree and reverse.
At 4:25 p.m. in a high crime area, Welch was sitting on a bicycle with a very small plastic baggie in his hand, when two officers in a patrol car approached him from behind. As soon as Welch saw the officers, he shoved the baggie down the front of his pants. Upon observing that movement, one of the officers simply reached out of the window of the patrol car and grabbed Welch by the seat of his trousers. At that time, the other officer exited the vehicle and grabbed Welch from the front. As that occurred, Welch dropped two baggies to the ground. The officer retrieved them, determined that they contained rock cocaine, and immediately arrested Welch.
Initially, the only officer to testify in the case repeatedly stated he did not see what was in the baggie Welch was holding when the officers first approached. Later, the officer stated that though he did not see what was in the baggie, he "knew" something was in it and that it "could" be cocaine. At a much later point in his testimony, he stated he "saw some type of substance [in the bag], but ... couldn't positively tell ... that it was cocaine." He did not say the substance looked like cocaine, nor did he otherwise describe the substance except to say it was not jewelry. The officer went on to state that he grabbed Welch upon observing his attempt to conceal the plastic bag.
In M.J.S. v. State, 620 So.2d 1080 (Fla. 2d DCA 1993), the appellant was standing on the porch of a house under surveillance for suspected drug activity, when police officers approached. Despite the appellant's presence in that setting, this court concluded that his immediate attempt to conceal something in his mouth upon seeing the officers did not give rise to "a reasonable suspicion or probable cause to believe that the appellant was involved in criminal activity." Id. at 1081 (citing Williams v. State, 564 So.2d 593 (Fla. 2d DCA 1990)). This court noted in M.J.S. that while a police-citizen encounter would have been permissible under the circumstances, the act of one of the officers in placing his hand on the appellant's shoulder constituted an impermissible seizure. Id.
In Williams, this court determined that the appellant's act of turning his back and putting his hands to his mouth upon seeing police officers was insufficient to establish a well-founded suspicion of criminal activity. In that case, the officers saw nothing but the immediate hand-to-mouth contact. This court stated that "[g]iven that the movement of Williams' hands to his mouth could have been for many legal reasons, the officers did not have a well-founded suspicion to detain [him]." Id., 564 So.2d at 594.
Here, the officer testified that he knew nothing about Welch and had never seen him before spotting him with the baggie in this instance. He further stated that he saw the baggie only for "two to three" seconds before Welch stuffed it into his pants. By that time, the officers, who were in a moving patrol car, were upon Welch and simply grabbed him so he could not get away. While the officers could have properly engaged in a police-citizen encounter with Welch at that point, they acted prematurely in actually seizing him. See M.J.S.
Further, though Welch abandoned the cocaine after the officers seized him, the Florida Supreme Court, citing United States v. Beck, 602 F.2d 726, 729-30 (5th Cir.1979), has held that for a criminal defendant's abandonment of evidence to remove the taint of an illegal stop or arrest, "the abandonment must be truly voluntary and not merely the product of police misconduct." State v. Anderson, 591 So.2d 611 (Fla.1992). Such was not the case here, because neither the mere sight of a baggie, nor the concealment thereof, established a well-founded suspicion to seize or detain Welch. The fact that one of the officers equivocally stated he saw something in the baggie, without more, does not change the situation.
Therefore, based on the standard of review set forth in Medina v. State, 466 So.2d 1046 (Fla.1985), we conclude there was no evidence to support the trial court's denial of Welch's motion to suppress. Accordingly, *1242 the instant cause is reversed and remanded for further proceedings.
Reversed and remanded.
PATTERSON and QUINCE, JJ., concur.