KLEIN, J.
After stopping appellant for a traffic violation, the officer told him that if the substance in his mouth was cocaine and he swallowed it, it could kill him. Appellant then ejected the substance, which was cocaine, but succeeded in having it suppressed. We reverse.
The stop occurred at 2:00 A.M., because appellant was riding his bicycle with no lights on it. While speaking to appellant, the officer noticed that appellant was attempting to keep his mouth shut as he spoke, possibly concealing something. The officer testified:
A I asked him if he had any crack in his mouth.
Q What did he say?
A And he responded no.
Q And after he told you no, what did you do?
A I told [him] that if he did have crack cocaine in his mouth and if he did swallow the crack cocaine, he could get very sick or possibly die from it.
Q And how do you know that that’s possible?
A In the past cases that I’ve had, I’ve had individuals swallow crack cocaine in my presence and they have become very sick. I have had one person almost die in my patrol car from that.
Q So when you told the defendant the fact that if he does have crack cocaine in his mouth and if he swallows it he could die, what was your reason for that?
A Basically for his safety.
Q What did you do after you had told him he should -
A Just a few seconds after I said that he appeared to hesitate and then he spit out-it appeared to me a mouthful of crack cocaine. It turned out to be five crack cocaine rocks.
The testimony was not disputed.
The case which persuaded the trial court to grant the motion to suppress is M.J.S. v. State, 620 So.2d 1080, 1081 (Fla. 2d DCA 1993). In that case an officer, after stopping the defendant and observing that he was attempting to conceal something in his mouth, put his hand on the defendant’s shoulder and told him that if the substance in his mouth was drugs “he needed to ‘spit it out’ because it would make him ‘real ill.’ ” The second district held that the cocaine, which defendant spit out in response, should have been suppressed, explaining:
Although the officer’s actions started out as a permissible police/citizen encounter, once the officer put his hand on the appellant’s shoulder, the appellant was seized within the meaning of the fourth amendment. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Thereafter, the officer’s order to “spit it out” constituted an illegal search.
We find M.J.S. distinguishable because the statement of the officer in the present case was not an order to spit the substance out, but merely an informative statement. In addition, in M.J.S. the officer had put his hand on the person’s shoulder, a physical act which could be interpreted as being a *1007 show of authority which constituted an illegal seizure. Id. at 1081.
In A.C. v. State, 680 So.2d 1219 (Fla. 2d DCA 1994), a pedestrian’s path was blocked by officers who had seen him attempt to surreptitiously put something in his mouth. .The officers told him not to swallow what he had in his mouth because if it was cocaine, he could die, and the defendant ejected it. The court held that a seizure occurred when the officers blocked the path of the defendant and told him not to swallow the substance. Citing M.J.S., the court suppressed the search.
The present case is distinguishable from M.J.S. and A.G., because this officer did nothing which could amount to a seizure. Rather, the appellant’s spitting out the cocaine was a voluntary act. We therefore reverse the order suppressing the cocaine.
STONE and FARMER, JJ., concur.