MAASS, ELIZABETH T., Associate Judge.
Anne Keller appeals from an order denying a case dispositive motion to suppress evidence of drugs found in her purse, arguing that the arresting officer lacked probable cause to conduct a warrantless seizure. We affirm, finding the drugs were in plain view and their incriminating nature was readily apparent, justifying the warrantless seizure.
In the light most favorable to the State, the evidence established that on the afternoon of March 16, 2005 a Broward County Sheriffs deputy was on road patrol when he saw Keller sitting on a ledge in front of a convenience store. The deputy knew the store to have been the site of narcotic offenses in the past. The deputy parked his car, got out, and approached Keller. Her purse was open next to her. The deputy saw a prescription pill bottle in the purse with the name “Eileen Brandt” on it. He asked Keller for identification and she gave him her driver’s license. The deputy noticed that Keller’s name was different than the name on the bottle and asked her about it. Keller told him the bottle was her roommate’s and contained hydroco-done. The deputy removed the bottle from Keller’s purse and called Poison Control to confirm that the pills were hydroco-done. He learned that hydrocodone is a Schedule III narcotic.[1] The deputy read Keller her Miranda rights. Though she invoked them, she told the deputy that she had taken the pills from her roommate and was going to sell them for $3.00 each. Keller was charged by information with trafficking in hydrocodone and possession of alprazolam. She pled no contest to the charges, reserving her right to appeal the denial of her motion to suppress.
Based on these facts, the trial court found that the encounter between Keller and the deputy was consensual and that the deputy had “at the very least, reasonable suspicion to seize the bottle and investigate further.” We agree that the encounter was consensual. See Golphin v. State, 945 So.2d 1174 (Fla. 2006).
In order to seize evidence in plain view without a warrant, a law enforcement officer must have probable cause to believe a crime is being, is about to be, or has been committed. See Arizona v. Hicks, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). The incriminating character of the evidence must be immediately apparent. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); State v. Neumann, 567 So.2d 950 (Fla. 4th DCA 1990). A container may be seized if its contents are in plain view and provide probable cause for the search. United States v. Blair, 214 *1235 F.3d 690 (6th Cir.2000); United States v. Blum, 753 F.2d 999 (11th Cir.1985).
It is unlawful to possess a controlled substance except as authorized by chapter 893, Florida Statutes, the Florida Comprehensive Drug Abuse and Prevention Act (“Act”). § 893.13(6)(a), Fla. Stat. (2005). A consumer who lawfully obtains a controlled substance by prescription is not explicitly authorized to deliver it to anyone else for any purpose. Nonetheless, Keller argues that the deputy lacked, probable cause to believe a crime had been committed when he took the bottle, citing Oliveira v. State, 527 So.2d 959 (Fla. 4th DCA 1988). There, the court suppressed Diazepam found during a search of a semi-conscious driver after a car accident. The officer testified he found what appeared to be “prescription medicine” while looking for the driver’s identification. He seized the pills, to be later tested. This court found that he lacked probable cause for the seizure, since there was no reason to believe the medicine was an illegal substance when he took it. Here, in contrast, the deputy had probable cause to believe, at the time of the seizure, that the drugs were hydro-codone and that they did not belong to Keller.
The Act does not define “possession,” other than to say it - includes temporary possession for the purpose of verification or testing. § 893.02(17), Fla. Stat. (2005). Florida courts have recognized that a controlled substance may not be “possessed,” for purposes of criminal liability, in some circumstances where control over it is exercised temporarily and solely for a legitimate purpose. See Stanton v. State, 746 So.2d 1229 (Fla. 3d DCA 1999); Ramsubhag v. State, 937 So.2d 1192 (Fla. 4th DCA 2006). The question here, though, is whether the deputy had probable cause to believe the bottle contained contraband or was evidence of a crime prior to its seizure. He knew that the bottle did not belong to Keller; that it contained hydro-codone; that Keller was at a location known for drug activity; and that Keller was not engaging in any activity to suggest that her temporary possession of the drugs was for a legitimate purpose. The deputy was not required to anticipate Keller’s defenses. Consequently, we conclude the deputy had probable cause to seize the drugs in plain view.

Affirmed.

GROSS and HAZOURI, JJ., concur.

. Hydrocodone is both a Schedule II and III substance. See §§ 893.03(2)(a)l.j., 893.03(3)(c)4„ Fla. Stat. (2005). Both Schedule II and III drugs have accepted medical uses but different risks of physical and psychological dependency. Hydrocodone is a codeine derivative pain killer found in Lorcet and Vicodin. See Hayes v. State, 750 So.2d 1 (Fla. 1999).